**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| D.B., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 1:25-cv-01634 |
| | ) |
| TRAVEL LODGE OLD NATIONAL, | ) |
| LLC, HIMA ENTERPRISES, | ) |
| INC., and SAS HOTELS, LLC, | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANT HIMA ENTERPRISES, INC.'S ANSWER**

Defendant HIMA Enterprises, Inc. ("HIMA") answers the Plaintiff D.B.'s ("Plaintiff") Complaint as follows:

1.

HIMA admits that the Plaintiff has made allegations of sex trafficking but denies any liability for same. HIMA consents to the Plaintiff proceeding by using initials. HIMA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

**PARTIES, JURISDICTION, AND VENUE**

2.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 relating to Plaintiff's citizenship and residency. HIMA admits that Plaintiff consents to the Court's jurisdiction.

3.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 regarding "all times relevant" and allegations relating to SAS Hotels, LLC ("SAS"). HIMA admits only that in approximately February 19, 2013 it sold the Econo Lodge to SAS. HIMA admits that from approximately 2004 to February 19, 2013, it owned and managed the Econo Lodge or a facility with a predecessor name.

5.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.

2

HIMA admits the allegations contained in paragraph 7 except it is denied that service can be made on Kanti B. Patel as Mr. Patel is deceased.

8.

HIMA denies the allegations contained in paragraph 8.

9.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.

HIMA admits the allegations of paragraph 11.

12.

HIMA denies the allegations of paragraph 12.

## SEX TRAFFICKING ALLEGATIONS

13.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 except it denies that it was a "participant" in any sex trafficking that took place at the hotel when HIMA was the owner, denies

that it had any actual or constructive knowledge of sex trafficking during that time, and denies any allegation or inference of wrongdoing or other liability.

14.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 concerning other Defendants.

15.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 concerning other Defendants.

16.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 concerning other Defendants.

17.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph concerning the allegations contained in paragraph 18.

19.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 concerning other Defendants.

20.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 concerning other Defendants.

21.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 concerning other Defendants.

22.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 concerning other Defendants.

23.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 concerning unidentified "motels", "motel premises" and "motel parking lots." Alternatively, HIMA denies any allegations as it relates to HIMA.

24.

As to HIMA, denied.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 concerning other Defendants.

25.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 concerning Plaintiff's alleged interactions as alleged in the first clause of paragraph 25 and denies the second clause in its entirety. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 concerning other Defendants.

26.

As to HIMA, denied.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 concerning other Defendants.

27.

As to HIMA, denied.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 concerning other Defendants.

28.

As to HIMA, denied.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 concerning other Defendants.

29.

As to HIMA, denied.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 concerning other Defendants.

30.

As to HIMA, denied.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 concerning other Defendants.

31.

As to HIMA, denied.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 concerning other Defendants.

32.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 concerning other Defendants.

33.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 concerning other Defendants.

34.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 concerning other Defendants.

35.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 concerning other Defendants.

36.

HIMA denies the allegations of paragraph 36 and (a)-(o). HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and its subparts concerning other Defendants.

37.

HIMA denies the allegations of paragraph 37 and its subparts (a)-(g). HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and its subparts concerning other Defendants.

38.

As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 concerning other Defendants.

## **DEFENDANTS' ROLES**

39.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 40 based on the undefined "[a]t all relevant times hereto" and allegations related to SAS. HIMA admits that from approximately 2004 to February 19, 2013, it owned and managed the Econo Lodge or a facility with a predecessor name. HIMA admits that in approximately February 19, 2013 it sold the Econo Lodge to SAS.

41.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.

HIMA denies the allegations contained in paragraph 42.

43.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.

HIMA admits that Plaintiff seeks to incorporate a global definition as set forth in paragraph 44, but denies that HIMA is liable under any theory.

## COUNT I
## STATUTORY LIABILITY: SEX TRAFFICKING
## AT THE TRAVELODGE
## 18 U.S.C. § 1595

45.

To the extent paragraph 45 contains any allegations against HIMA, those allegations are denied.

46.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and its subparts concerning TLON.

47.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 concerning TLON.

48.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 concerning TLON.

49.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 concerning TLON.

50.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 concerning TLON.

51.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 concerning TLON.

52.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 concerning TLON.

53.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 concerning TLON.

54.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 concerning TLON.

55.

HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 concerning TLON.

56.

HIMA denies the allegations contained in paragraph 56.

## COUNT II
## STATUTORY LIABILITY: SEX TRAFFICKING
## AT THE ECONO LODGE
## 18 U.S.C. § 1595

57.

To the extent paragraph 57 contains any allegations against HIMA, those allegations are denied.

58.

As to HIMA, HIMA denies the allegations contained in paragraph 58 and its subparts a) – p).  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 concerning SAS. To the extent paragraph 58 contains an allegation that there was a venture between HIMA and SAS, that is denied.

59.

As to HIMA, HIMA denies the allegations contained in paragraph 59.  HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 concerning SAS.

60.

As to HIMA, HIMA denies the allegations contained in paragraph 60. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 concerning SAS.

61.

HIMA denies the allegations of paragraph 61.

62.

HIMA denies the allegations of paragraph 62.

63.

As to HIMA, HIMA denies the allegations contained in paragraph 63. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 concerning SAS. To the extent paragraph 63 contains an allegation that there was a venture between HIMA and SAS, that is denied.

64.

As to HIMA, HIMA denies the allegations contained in paragraph 64. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 concerning SAS. To the extent paragraph 64 contains an allegation that there was a venture between HIMA and SAS, that is denied.

65.

HIMA denies the allegations contained in paragraph 65 as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 concerning SAS.

66.

HIMA denies the allegations contained in paragraph 66 as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 concerning SAS.

67.

HIMA denies the allegations contained in paragraph 67 as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 concerning SAS.

68.

HIMA denies the allegations contained in paragraph 68.

## **DAMAGES**

69.

To the extent paragraph 69 contains any allegations against HIMA, those allegations are denied.

70.

HIMA denies the allegations contained in paragraph 70 and its subparts a) – i) as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 concerning other Defendants.

71.

HIMA denies the allegations contained in paragraph 71.

72.

HIMA denies the allegations contained in paragraph 72 as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 concerning other Defendants.

By way of response to the prayer for relief following paragraph 72, HIMA denies that Plaintiff is entitled to any of the requested relief.

All allegations not expressly admitted or otherwise addressed herein are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

HIMA pleads and relies on the statute of limitations provided for in 18 U.S.C. § 1595(c), pending the discovery process, which provides that "No action may be maintained under subsection (a) unless it is commenced not later than the later of—

(1) 10 years after the cause of action arose; or

(2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense."

## SECOND AFFIRMATIVE DEFENSE

The Complaint does not plausibly allege facts sufficient to infer that HIMA knew or should have known of alleged sex trafficking at the Econo Lodge during its period of ownership or that HIMA participated in a sex trafficking venture.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff was trafficked for sex as alleged in the Complaint, the sole proximate cause of any damages claimed by Plaintiff was that of the sex traffickers.

## FOURTH AFFIRMATIVE DEFENSE

HIMA denies that it was engaged in any "venture" such that participant liability pursuant to 18 U.S.C. § 1595 can be imposed. Furthermore, HIMA denies that it was ever engaged in any "venture" under 18 U.S.C. § 1595 with SAS or any other Defendant. HIMA sold the Econo Lodge to SAS on or about February 19, 2023 and had no involvement in the ownership or management of the Econo Lodge after that date.

## FIFTH AFFIRMATIVE DEFENSE

HIMA is not jointly and severally liable for the acts or omissions of any other Defendant in this matter because those acts or omissions occurred on properties not owned or managed by HIMA.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages "without limitation or cap" would violate the substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution and established precedent by the United States Supreme Court. Furthermore, Plaintiff has failed to state a claim for punitive damages against HIMA.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant HIMA Enterprises, Inc. respectfully prays for the following relief from this Honorable Court:

1. That Plaintiff's claims be denied and Plaintiff's Complaint be dismissed with prejudice;

2. That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3. That the case be tried before a jury of twelve (12) persons; and

4. For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted, 22nd day of April 2025.

**JOHNSON EVANS & HEADRICK, P.C.**

*/s/ Daniel C. Headrick*
Daniel C. Headrick   (GA Bar No. # 663930)
2690 Cobb Parkway SE
Suite A5-342
Smyrna, GA 30080
(865) 314-8422 (Phone)
(865) 246-7662 (Fax)
dheadrick@je.legal
*Attorneys for Defendant Hima Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF which automatically sends an electronic copy to all counsel of record as follows:

LAW & MORAN
Denise D. Hoying
denise@lawmoran.com
Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
563 Spring St., NW
Atlanta, GA 30308

18

404-814-3700

ANDERSEN, TATE & CARR, P.C.
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
770-822-0900

Additionally, service by US Mail shall be made on the following registered agents for the Co-Defendants:

Richard F. Evins
420 Ridgecrest Road
Lagrange, Georgia 30240

Mohammed Awal
39 Stonebridge Pass
Newnan, Georgia 30265

                                                                         */s/Daniel C. Headrick*