## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| D.B.            ,                                               )<br>                                                                 )<br>     Plaintiff,                                                 )<br>                                                                 )<br>v.                                                               )<br>                                                                 )<br>TRAVEL LODGE OLD NATIONAL,          )<br>LLC, HIMA ENTERPRISES,                        )<br>INC., and SAS HOTELS, LLC,                     )<br>                                                                 )<br>     Defendants.                                             ) | Civil Action No.:<br><br>1:25-CV-01634-AT |

### DEFENDANT TRAVEL LODGE OLD NATIONAL, LLC'S CONSOLIDATED MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

COMES NOW Defendant TRAVEL LODGE OLD NATIONAL, LLC ("TLON" or "Defendant"), by and through undersigned counsel, and submits this Consolidated Motion to Dismiss Plaintiff's Complaint and Brief in Support, respectfully showing the Court that Plaintiff's Complaint must be dismissed in its entirety as against TLON as Plaintiff has failed to state a claim against TLON upon which relief could be granted.

### I.     PLAINTIFF'S CLAIMS

Plaintiff filed her Complaint on March 27, 2025 ("Complaint") (Doc. 1). Plaintiff asserts claims against TLON for (1) violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA"); (2) Damages

generally but also including Punitive Damages. Plaintiff also seeks an award of her attorneys' fees under 18 U.S.C. § 1595(a) and O.C.G.A. §§ 13-6-11, 9-1-68(e)c) and 9-15-14.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she was trafficked at two motels: a Travelodge by Wyndham located at 2471 Old National Highway, College Park, Georgia 30349 ("Travelodge") and an Econo Lodge located at 4874 Old National Hwy, College Park, Georgia 30337 ("Econo Lodge"). [Doc. 1, ¶¶ 3, 4, 18.]. Plaintiff alleges that her trafficker ("Trafficker") routinely took her to both motels for the purpose of selling her for sex from 2011 to 2013. [Doc. 1, ¶ 18.].

Critically, there are no factual allegations whatsoever in Plaintiff's Complaint that, even if proven true, would entitle Plaintiff to relief against TLON under the applicable law.

Plaintiff does not allege that she ever personally interacted with front desk or other TLON staff for any purpose, including for the purpose of making room purchases, nor does Plaintiff allege that she ever accompanied her Trafficker to make room purchases. [*See generally*, Doc. 1.]. Instead, Plaintiff alleges that TLON benefited from Plaintiff's trafficking by receiving revenue generated by operation of the Travelodge. [Doc. 1, ¶ 48.].

Plaintiff's complaint is devoid of any factual allegation that TLON actively assisted, encouraged, or abetted her Trafficker or that any TLON staff ever actually observed the trafficking Plaintiff alleges to have been a victim of. [*See generally*, Doc. 1.]. Plaintiff merely makes the vague assertion that TLON "provid[ed] to Plaintiff's trafficker the necessary venue for Plaintiff's minor sex trafficking. [Doc. 1, ¶ 49].

Instead, Plaintiff's Complaint relies solely on conjecture and assumption, alleging only that TLON may have been exposed to "signs of sex trafficking." [Doc. 1, ¶¶ 19, 20, 21, 24, 30, 31.].[1] Plaintiff goes on to characterize the "signs of sex trafficking" as "obvious," however, Plaintiff makes no specific factual allegation that TLON was an active participant in any criminal activity perpetrated by the Trafficker or that TLON aided, encouraged, or abetted the Trafficker. [Doc. 1, ¶¶ 19, 20, 21, 24, 30, 31.]. The sole specific factual allegation Plaintiff makes concerning TLON is that "Plaintiff interacted with the motel staff and managers at the Travelodge and Econo Lodge, who knew or should have known Plaintiff was a minor victim of sex trafficking occurring at the motels." [Doc. 1, ¶ 25.]. Upon this

---

[1] Plaintiff devotes much of her Complaint to describing the general nature of sex trafficking by citing to various nationwide customer reviews, media reports, online articles, and purported studies, however, none of Plaintiff's general allegations, even if proven true, suggest that TLON was engaged in sex trafficking or that it actively aided, assisted, encouraged, or abetted any sex trafficking. [*See generally*, Doc. 1, ¶¶ 14-17, 30-31, 36-37.].

sole substantive allegation, Plaintiff claims that TLON knew or should have known that Plaintiff was being trafficked. [Doc. 1, ¶ 52.].

### III.    ARGUMENT AND CITATION OF AUTHORITY

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it "stops short of the line between possibility and plausibility" and will not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss, "all well-pleaded factual allegations in the complaint must be taken as true and the complaint must be construed in the light most favorable to the plaintiff." *BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 523 (11th Cir. 2017). However, the Court "need not accept legal conclusions, nor must it accept as true legal conclusions couched as

factual allegations." *Pledger v. Reliance Tr. Co.*, 240 F. Supp. 3d 1314, 1321 (N.D. Ga. 2017). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Accordingly, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal'." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### 1) <u>Plaintiff Fails to State A Claim Under The TVPRA</u>

Plaintiff's Complaint fails to plead sufficient facts that, if proven true, would entitle Plaintiff to relief against TLON for violation of the TVPRA.

"To state a beneficiary claim under Section 1595(a), a plaintiff must plausibly allege that the defendant (1) knowingly benefitted, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Jane Doe #1 v. Red Roof Inns, Inc.* 21 F. 4th 714, 726 (11th Cir. 2021).

> a) <u>Plaintiff has failed to allege that TLON knowingly benefited from Plaintiff's alleged sex trafficking.</u>

To establish a violation of 18 U.S.C. § 1591(a)(2) or a standalone civil claim under § 1595(a), a plaintiff must show that "the defendant received a valuable benefit" from participation in sex trafficking. *See, e.g., United States v. Flanders*, 752 F.3d 1317, 1338 (11th Cir. 2014). The controlling question is "whether [the trafficker] provided ... benefits to [the defendant] *because of* [the defendant's] facilitation of sexual misconduct." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019) (emphasis in original).

Moreover, to knowingly benefit is more than to merely benefit – the plain words of the statute necessarily entail an attendant mental state. *Geiss*, 383 F. Supp. 3d at 169. This element of the claim requires not only a causal connection between *affirmative conduct* advancing the alleged sex-trafficking and the receipt of the alleged benefit, but that the benefit is received with knowledge of, and on account of, that causal relationship. *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (requiring "'overt act' that furthers the sex trafficking aspect of the venture," not "mere negative acquiescence.").

Plaintiff's Complaint fails to assert even one specific instance of TLON receiving some benefit with knowledge of, and on account of, the Trafficker's alleged exploitation of Plaintiff. [*See generally*, Doc. 1.]. Rather, Plaintiff's Complaint alleges that TLON is operating a common lodging facility and the only

allegations as to any benefit obtained by TLON are that TLON benefited from Plaintiff's trafficking "by receiving revenue generated by operation of the Travelodge" [Doc. 1, ¶ 48].

Such generalized allegations are insufficient to establish a defendant's liability for violation of the TVPRA. *See Geiss*, 383 F. Supp. at 170; *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (granting summary judgment where the plaintiff failed to show a payment as "quid pro quo for the sex acts" and failed to show that the defendants "were compensated 'on account of' the sex acts.").

Even accepting Plaintiff's allegations as true, because Plaintiff has failed to allege that TLON received a benefit from Plaintiff's Trafficker on account of the exploitation of Plaintiff, Plaintiff has failed to state a claim against TLON for violation of the TVPRA, and the TVPRA claim must be dismissed.

b) <u>Plaintiff has failed to allege that TLON participated in a sex trafficking venture.</u>

To state a claim under the TVPRA, a plaintiff must make sufficient factual allegations that the defendant knowingly, voluntarily, and actually participated in a trafficking venture.

A trafficking "venture" is defined as "any group of two or more individuals associated in fact." 18 U.S.C. § 1591(e)(6). "[P]articipation in a venture" means "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1) [sex

trafficking]." 18 U.S.C. § 1591(e)(4). "[A] sex trafficking venture cannot be "any 'association' of people for any purpose," instead "participation" requires an "'overt act' that furthers the sex trafficking aspect of the venture," not "mere negative acquiescence." *See Afyare*, 632 F. App'x at 286. "The participation giving rise to the benefit must be participation in a sex-trafficking venture, not participation in other activities engaged in by the sex traffickers that do not further the sex-trafficking aspect of their venture." *Geiss*, 383 F. Supp. 3d at 169.

Moreover, Plaintiff must sufficiently allege that "'the venture in which [Defendants] participated and from which [they] knowingly benefited ... violated the TVPRA as to [Plaintiff]' and whether Defendants had 'actual or constructive knowledge that the venture—in which [they] voluntarily participated and from which [they] knowingly benefited—violated the TVPRA as to Plaintiff'." *C.C. v. H.K. Grp. of Co.*, No. 1:21-CV-1345-TCB, 2022 WL 467813, at *4 (N.D. Ga. Feb. 9, 2022); citing *Jane Doe #1 v. Red Roof Inns, Inc.* 21 F. 4th 714 at 724 (11th Cir. 2021).

Plaintiff has not alleged, and cannot allege, that TLON made any voluntary, overt acts in furtherance of the Trafficker's alleged exploitation of Plaintiff, with either actual or constructive knowledge that the Trafficker was exploiting the Plaintiff. Rather, Plaintiff's sole substantive allegation as to TLON is that "in providing to Plaintiff's trafficker the necessary venue for Plaintiff's minor sex

trafficking." [Doc. 1, ¶ 49.]. Plaintiff states that TLON knew or should have known Plaintiff was being trafficked because "Plaintiff exhibited numerous well-known and visible signs of minor sex trafficking." [Doc. 1, ¶ 19.]. This allegation falls far short of any knowing and voluntary overt act in furtherance of the alleged exploitation of Plaintiff by the Trafficker. *See Doe #1 v. Red Roof Inns, Inc.* 21 F.4th 714, 727 (11th Cir. 2021) ("***observing something is not the same as participating in it***") (emphasis added). "[A] defendant does not 'participate in a venture' when it only financially benefits from renting rooms to traffickers and observes signs of sex trafficking at the hotel." *I.R. v. Shri Khodiyar, LLC,* 723 F.Supp.3d 1327, 1336 (N.D. Ga. 2024). Accordingly, Plaintiff has failed to state a claim against TLON for violation of the TVPRA and Plaintiff's TVPRA claim must be dismissed.

Certain other of Plaintiff's allegations highlight the inadequacy of her TVPRA claim, as the Complaint alleges that "TLON knew or should have known of the steps to take to prevent the Travelodge from being uses as a venue for Plaintiff's minor sex trafficking." [Doc. 1, ¶ 46.]. Even accepting Plaintiff's allegations as true, Plaintiff has failed to allege that TLON was a knowing and voluntary participant in a venture to exploit Plaintiff; rather, Plaintiff's complaint is that TLON might have done more to discover that Plaintiff was the victim of her Trafficker, or that if TLON had identified Plaintiff as a trafficking victim, it might have taken some unidentified, hypothetical steps to prevent the Trafficker from carrying out his plan to exploit the

Plaintiff. These allegations fall far short of the allegations necessary to sustain a claim under the TVPRA, as they do not in any way allege that TLON was a knowing and voluntary participant in cooperation with the Trafficker to carry out the exploitation of the Plaintiff.

For the same reasons, Plaintiff's allegations about the general nature of sex trafficking are insufficient to state a claim against TLON for violation of the TVPRA, as they are neither germane to TLON's activities or operations, nor do they establish any knowing and voluntary act by TLON in furtherance of the alleged trafficking of the Plaintiff.

Accordingly, Plaintiff's Complaint has not sufficiently pled any instance of participation in a trafficking venture by TLON against the Plaintiff, and Plaintiff's TVPRA claim must be dismissed.

    c)    <u>Plaintiff has failed to allege that TLON had actual or constructive knowledge of any alleged trafficking venture as to Plaintiff.</u>

To state a claim for a violation of § 1591(a)(2), a complaint must allege facts plausibly suggesting that the defendant knew or recklessly disregarded that the plaintiff was being forced or coerced to commit commercial sex acts. *See* 18 U.S.C. § 1591(a)(2). The phrase "participation in a venture" in 18 U.S.C. § 1591 imports a state of mind requirement – the participation must be "knowing." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 969 (S.D. Ohio 2019). *See also Doe*

*#1 v. Red Roof Inns, Inc.* 21 F.4th 714, 727 (11th Cir. 2021) ("observing something is not the same as participating in it.").

A claim under § 1595(a) requires facts plausibly suggesting that the defendant should have known that the plaintiff was being forced or coerced to commit commercial sex acts. *See* 18 U.S.C. 1595(a). Plaintiff must also allege that the defendant knew or acted in reckless disregard of the fact that *force, threats of force, fraud, or coercion* would be used to cause the person to engage in a commercial sex act, or that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act. *Id.* *U.S. v. Robinson*, 702 F.3d 22, 32 (2nd Cir. 2012). ("Federal courts have used the 'should have known' standard in Section 1595(a) similarly to the reckless disregard standard from Section 1591(a)(2).").

In *Ricchio v. McLean*, 853 F.3d 553, 555-56, 558 (1st Cir. 2017), the Court held that the complaint adequately alleged TVPRA violations against a hotel owner where the hotel owner allegedly witnessed "several exhibitions of coercive and brutal behavior" by the trafficker, including the plaintiff's plea for help, making it "apparent" that the plaintiff was being held against her will as a "sex slave." *Id.* (emphasis added); *See also Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) ("Such conduct must have been undertaken with the knowledge, or in reckless disregard of the fact, that it was furthering the alleged sex trafficking venture. In other words, some participation in the sex trafficking act itself must be shown.").

Here, Plaintiff's Complaint makes no allegations that TLON observed any threatening, violent, or coercive behavior toward Plaintiff, or that Plaintiff ever attempted to seek help from TLON or alert defendant to her alleged trafficking. [*See generally*, Doc. 1.].

Instead, Plaintiff's Complaint relies only on vague, generalized accusations concerning the nature of sex trafficking, alleges that "Plaintiff exhibited numerous well-known and visible signs of minor sex trafficking" and suggests that TLON might have done more to discover the alleged trafficking of Plaintiff. [Doc. 1, ¶¶ 19, 46.].

Plaintiff's allegations, even if accepted as true, are wholly insufficient to establish that TLON knowingly or by reckless disregard recruited, enticed, transported, advertised, patronized, solicited, or knowingly benefited from participation in sex trafficking venture. Because Plaintiff's Complaint fails to sufficiently plead facts that TLON had any actual knowledge, constructive knowledge, or reckless disregard of any alleged trafficking venture against Plaintiff, Plaintiff's TVPRA claim must be dismissed.

### 2) **Plaintiff Fails to State A Claim for Exemplary Damages Because Plaintiff is Not Entitled to Recover on Any Substantive Claim.**

Georgia law is clear and well-settled that in the absence of recovery on a substantive claim, a party is not entitled to recover exemplary or punitive damages. "A claim for punitive damages has efficacy only if there is a valid claim for actual

damages to which it could attach. Punitive damages may not be recovered where there is no entitlement to compensatory damages." *Southern General Ins. Co. v. Holt*, 262 Ga. 267, 277-278 (1992).

For the reasons set forth in section III.1, *supra*, Plaintiff's TVPRA claims must be dismissed. Because Plaintiff is not entitled to any recovery on her substantive claims, Georgia law forecloses any possibility that Plaintiff could recovery exemplary of punitive damages.

Accordingly, Plaintiffs' claim for exemplary damages must be dismissed.

## CONCLUSION

Plaintiff's Complaint is fatally deficient insofar as it fails to allege facts which, accepted as true, would establish that TLON knowingly benefited from Plaintiff's alleged sex trafficking, that TLON was a participant in a sex trafficking venture as to Plaintiff, that TLON made any voluntary, overt act in furtherance of a sex trafficking venture as to Plaintiff, or that TLON had actual or constructive knowledge of any alleged trafficking venture as to Plaintiff. Plaintiff's failure to allege any one of these elements warrants dismissal, and Plaintiff's failure to allege each and every one mandates that Plaintiff's substantive claims under the TVPRA must be dismissed in their entirety as against TLON.

Moreover, because Plaintiff's substantive TVPRA claims fail, Georgia law prohibits Plaintiff from recovering any exemplary or punitive damages, and Plaintiff's exemplary damages claim likewise fails.

Accordingly, Defendant Travel Lodge Old National, LLC respectfully requests that the Court grant this Motion to Dismiss and dismiss Plaintiff's Complaint against TLON in its entirety, with prejudice.

Respectfully submitted this 21st day of May, 2025.

          **PETER F. SCHOENTHALER, P.C.**

          */s/ Peter Schoenthaler*
Peter F. Schoenthaler, Esq.
Georgia Bar No. 629789
Christopher Rosser, Esq.
Georgia Bar No. 761317
Timothy M. Blenner, Esq.
Georgia Bar No. 653606
6400 Powers Ferry Road NW
Suite 230
Atlanta, GA 30339
Tel: (404) 592-5397
Fax: (855) 283-8983
pfs@schoenthalerlaw.com
crosser@schoenthalerlaw.com
tblenner@schoenthalerlaw.com
*Attorneys for Defendant Travel Lodge Old National, LLC*

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Pursuant to Rule 7.1(D) of the Local Civil Rules, N.D. Ga., the undersigned certifies that this pleading complies with L.R. 5.1C, N.D. Ga. and is prepared in Times New Roman, 14-point font and such other requirements as are set forth in L.R. 5.1C, N.D. Ga.

Respectfully submitted this 21st day of May, 2025.

                                                    **PETER F. SCHOENTHALER, P.C.**

                                                    */s/ Peter Schoenthaler*
                                                    Peter F. Schoenthaler, Esq.
                                                    Georgia Bar No. 629789
                                                    pfs@schoenthalerlaw.com
                                                    *Attorney for Defendant Travel Lodge Old National, LLC*