IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.B.,<br>      Plaintiff,<br><br>  v.<br><br>TRAVEL LODGE OLD NATIONAL, LLC, HIMA ENTERPRISES, INC., and SAS HOTELS, LLC,<br><br>      Defendants. | CIVIL ACTION FILE NO.<br>1:25-CV-01634-AT |

## DEFENDANT SAS HOTELS, LLC'S INITIAL DISCLOSURES

**COMES NOW SAS Hotels, LLC**, Defendant in the above-styled action and hereby submits its Initial Disclosures pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1 of the United States District Court for the Northern District of Georgia, as follows:

**1. If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended Summons and Complaint reflecting the information furnished in this disclosure response.**

Without admitting any liability for the claims asserted and damages claimed in this matter, Defendant SAS states that its corporate name is correctly stated in the style of the Complaint.

2.     **Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the names for Defendant's contention.**

It is Defendant SAS's position that Plaintiff's alleged traffickers, who are unidentified, and any possible associates may be necessary parties to this action. Pending further discovery, other unknown owners, occupiers and operators of property(ies), such as other hotels, where Plaintiff was allegedly subjected to sex trafficking may be necessary parties. Additionally, it is Defendant SAS's position that O.C.G.A §51-12-33 should apply to this action and Defendant SAS reserves the right to name non-parties to whom the jury may apportion fault for the damages sought herein, should that become appropriate during discovery. Defendant SAS's investigation into this matter and the claims asserted by Plaintiff is presently at its earliest stage, remains ongoing, and Defendant SAS reserves the right to supplement or amend these responses.

3.     **Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by Defendant in the responsive pleading.**

Defendant SAS raised its first defense that Plaintiff's Complaint "fails to state a claim upon which relief can be granted." This defense was stated in order to preserve the defense should it become applicable in this action based upon the facts uncovered during discovery. Defendant SAS also asserted legal defenses that were stated in order to preserve the defenses as it is believed some of Plaintiff's claims

are barred by statutes of limitation and that some of Plaintiff's claims fail to state a claim against Defendant SAS—including its tenth defense, amongst others. Defendant SAS's second, third, fourth, fifth, seventh, tenth, twelfth, and thirteenth defenses were stated in order to preserve the defenses should they become applicable in this action based upon the facts uncovered during discovery. As to its second, fourth, fifth, sixth, eighth, ninth, and tenth defenses, Defendant SAS asserted these defenses based on its position that Plaintiff's alleged traffickers and any possible associates are necessary parties to this litigation and they caused or contributed to her alleged injuries and damages and detailing Defendant SAS's position on the applicability of apportionment and to preserve Defendant SAS's right to seek apportionment of fault to any properly-noticed non-parties, should the evidence support such defenses. Defendant SAS also raised its eleventh, twelfth, thirteenth, and fourteenth defenses to Plaintiff's claims for punitive damages and attorney's fees in order to preserve the defenses should they become applicable in this action based upon the facts uncovered during discovery as it appears Plaintiff is not entitled to recover such damages.

**4.    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends is applicable to this action.**

U.S. Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§1591, 1595, may apply.

3

5. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.**

Defendant SAS's investigation into this matter and the claims asserted by Plaintiff are in very early stages, are ongoing, and Defendant SAS reserves the right to supplement or amend these responses. At this juncture:

    a. Plaintiff herself is likely to have relevant information concerning the facts and circumstances underlying her Complaint; and

    b. Mohammed Awal, who may be contacted through undersigned counsel, may have relevant information concerning hotel operations at the subject Econo Lodge.

6. **Provide the name of any person who may be used at trial to present evidence under Rules 702; 703; or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a) (2) (B), provide a separate written report satisfying the provisions of that rule.**

Defendant SAS has not yet determined if the services of an expert witness will be used in this matter. Defendant SAS will supplement this response in accordance with the Scheduling Order, Local Rules and Fed. R. Civ. P. 26 if and when an expert(s) is identified.

7. **Provide a copy of, or description by category and location of, all documents, data, compilations, and tangible things in your possession, custody or control that are relevant to disputed facts alleged with particularity in the pleadings.**

4

Without waiving any privilege objections that may attach to the documents in the care custody or control of Defendant SAS, see documents produced contemporaneously herewith.

Defendant SAS's investigation into this matter and the claims asserted by Plaintiff are ongoing and Defendant SAS reserves the right to supplement or amend these responses, or to identify additional documents.

**8.    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or description by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary materials available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to this Initial Disclosure as Attachment "D".)**

Defendant SAS is not seeking damages in this matter.

**9.    If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Please see Responses to No. 2 above.

**10.   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to this Initial Disclosure as Attachment "E".)**

See documents produced contemporaneously herewith.

*SIGNATURE ON FOLLOWING PAGE.*

This the 3rd day of July, 2025.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
KATHRYN S. WHITLOCK
Georgia Bar No. 756233
THOMAS D. WHIDDON
Georgia Bar No. 330536
kate.whitlock@mgclaw.com
thomas.whiddon@mgclaw.com
Post Office Box 57365
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*

In accord with Fed. R. Civ. P. 11, Defendant SAS Hotels, LLC states that this signature block is attached to *Defendant SAS Hotels, LLC's Initial Disclosures* in Case No. 1:25-CV-01634-AT, United States District Court for the Northern District of Georgia, Atlanta Division.

6

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendant hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B), NDGa:

Times New Roman (14 point).

This the 3rd day of July, 2025.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
KATHRYN S. WHITLOCK
Georgia Bar No. 756233
kate.whitlock@mgclaw.com
THOMAS D. WHIDDON
Georgia Bar No. 330536
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing ***Defendant SAS Hotels, LLC's***

***Initial Disclosures*** was served upon all counsel of record via the Court's electronic

filing system which automatically sends a service copy via electronic mail

notification to all counsel of record addressed as follows:

LAW & MORAN
Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
Denise D. Hoying
denise@lawmoran.com

ANDERSEN, TATE & CARR, P.C.
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com

PETER F. SCHOENTHALER, P.C.
Peter F. Schoenthaler, Esq.
pfs@schoenthalerlaw.com
Christopher Rosser, Esq.
crosser@schoenthalerlaw.com
Timothy M. Blenner, Esq.
tblenner@schoenthalerlaw.com

WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
Patrick B. Moore
pmoore@wwhgd.com
Sarah J. Unatin
sunatin@.wwhgd.com

JOHNSON EVANS & HEADRICK, P.C.
Daniel C. Headrick
dheadrick@je.legal

This the 3rd day of July, 2025.

*SIGNATURE ON FOLLOWING PAGE.*

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
KATHRYN S. WHITLOCK
Georgia Bar No. 756233
kate.whitlock@mgclaw.com
THOMAS D. WHIDDON
Georgia Bar No. 330536
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*

In accord with Fed. R. Civ. P. 11, Defendant SAS Hotels, LLC states that this signature block is attached to *Defendant SAS Hotels, LLC's Initial Disclosures* in Case No. 1:25-CV-01634-AT, United States District Court for the Northern District of Georgia, Atlanta Division.