IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.B., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION FILE |
| | )   NO. 1:25-cv-01634-AT |
| TRAVEL LODGE OLD NATIONAL, | ) |
| LLC, HIMA ENTERPRISES, | ) |
| INC., and SAS HOTELS, LLC, | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT SAS HOTELS, LLC'S MOTION FOR LEAVE

Defendant SAS Hotels, LLC's motion for leave to file an out-of-time motion to strike allegations contained within Plaintiff's Complaint should be denied. Defendant's Answer was unquestionably due no later than April 24, 2025, but it failed to file an Answer until May 28, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i), [Doc. 8, Doc. 18].[1]  Any Motion to Strike was therefore also due on April 24, 2025, or at the very latest, before Defendant's Answer was finally belatedly filed on May 28, 2025.  Fed. R. Civ. P. 12(f)(2).

---

[1] As a professional courtesy, Plaintiff's counsel emailed counsel for SAS Hotels on May 7, 2025 and alerted them that Defendant SAS Hotels, LLC had not answered, despite being served on April 3, 2025.  SAS Hotels still did not answer until May 28, 2025 – 21 days after its counsel was notified that it was in default.

As Defendant points out, this Court may extend the deadline if it finds that Defendant "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is determined by assessing the following factors: 'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Moss v. Midland Credit Mgmt., Inc.*, No. 1:24-CV-3180-TCB-CMS, 2024 WL 5455249, at *2 (N.D. Ga. Dec. 2, 2024) (citing *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). But "[s]imple inadvertence or mistake of counsel does not suffice." *Lau v. Klinger*, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999). "Even the absence of prejudice to a [party], standing alone, does not constitute excusable neglect." *Id*.

Defendant appears to first argue that the Federal Rules of Civil Procedure, and specifically the deadlines provided by Rule 12, may not apply to this case. [Doc. 31-1]. Rather, it argues that perhaps this Court's local rules supersede the deadlines expressly set forth in Rule 12 and provide it with several extra months to file any Rule 12 Motion, such that its motion to strike is timely. *Id*. This argument lacks all merit. First, this case, filed in the United States District Court for the

Northern District of Georgia, is unquestionably governed by the Federal Rules of Civil Procedure and the deadlines set forth therein, as specifically stated in this Court's standing order.  [Doc. 10].[2]  In addition, this Court has not entered any scheduling order modifying the date that discovery began, and discovery began on May 22, 2025, thirty days after the first Answer was filed.  LR 26.2(A), NDGa., [Doc. 12].  So even under SAS's flawed argument, all Motions to Strike were due no later than May 22, 2025.

Outside of this unsupported argument, Defendant provides no explanation for why its Motion was not filed prior to its answer, and therefore no basis for this Court to determine that it acted in good faith.  Defendant only argues that granting it motion would not prejudice Plaintiff, but as noted above, even if the court accepts this argument as true, that alone does not constitute excusable neglect.

Because it is Defendant's burden to show this Court that its failure to timely file a Rule 12(f) motion was due to more than "simple inadvertence or mistake of counsel", and Defendant has not even attempted to make any such showing, its Motion for Leave should be properly denied.

---

[2] In addition to filing its answer nearly 5 weeks late and now filing its Motion to Strike *three months* late, counsel for SAS Hotels has not complied with the Court's directive on the first page of its Standing Order to file a Certificate of Compliance. [Doc. 10].

This 7th day of August, 2025.

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

**ANDERSEN, TATE & CARR, P.C.**

/s/ Patrick J. McDonough
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Attorneys for Plaintiff

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing ***Plaintiff's Response to Defendant's Motion for Leave*** has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1.  Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:25-cv-01634-AT |
| TRAVEL LODGE OLD NATIONAL, | ) | |
| LLC, HIMA ENTERPRISES, | ) | |
| INC., and SAS HOTELS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the

foregoing ***Plaintiff's Response to Defendant SAS Hotels, LLC's Motion for***

***Leave*** with the Clerk of Court using the CM/ECF system which will automatically

send email notification of such filing to:

Kathryn S. Whitlock                           Daniel C. Headrick
Thomas D. Whiddon                            Johnson Evans & Headrick, P.C.
McAngus Goudelock & Courie, LLC              2690 Cobb Parkway SE
270 Peachtree Street, NW, Suite 1800         Suite A5-342
Atlanta, GA 30303                            Smyrna, GA 30080

Peter F. Schoenthaler
Christopher Rosser
Timothy M. Blenner
Peter F. Schoenthaler, P.C.
6400 Powers Ferry Road NW
Suite 230
Atlanta, GA 30339

This 7th day of August, 2025.

LAW & MORAN

/s/ Denise D. Hoying
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Denise@lawmoran.com