IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:25-cv-01634-AT |
| TRAVEL LODGE OLD NATIONAL, | ) | |
| LLC, HIMA ENTERPRISES, | ) | |
| INC., and SAS HOTELS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT SAS HOTELS, LLC'S MOTION TO STRIKE

From 2011 to 2013, when Plaintiff was a child, she was sold for sex at the Traveledge and at the Econo Lodge, located in very close proximity to one another on Old National Highway.  Plaintiff's traffickers routinely took her between the two hotels for the purposes of selling her for sex, with each hotel stay lasting anywhere from 3 days to a month or longer.

During a large portion of her trafficking, the Econo Lodge was owned, operated, maintained, and managed by Defendant SAS Hotels, LLC.  During and prior to Plaintiff's trafficking, Defendant SAS knew or should have known of sex trafficking generally, knew or should have known of trafficking at their hotel and her trafficking specifically, and profited from the rental of the rooms in which she

was trafficked.  As a result, Plaintiff filed this action to seek relief under the civil-liability statute of the Federal Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a).

Defendant SAS answered on May 28, 2025.  Two months later, presumably realizing the gravity of the allegations against it, Defendant belatedly moved this Court to strike nine paragraphs contained in Plaintiff's Complaint that are directly relevant to Defendant's knowledge of sex trafficking generally and sex trafficking at its hotel specifically, including Plaintiff's child sex trafficking, insisting that these allegations are "immaterial, impertinent, or scandalous." [Doc. 32-1, p. 2]. The allegations that Defendant seeks to strike are none of these things – they are just harmful to Defendant's defenses, which is not a valid basis to strike them.

As Judge Thrash recently stated in another sex trafficking case, "Motions to Strike are disfavored because they generally are a waste of everybody's time which is the case here." *H.M., et al v. Radheshvar, LLC, d/b/a/ Motel 6*, No. 1:24-cv-4041 (N.D. Ga. December 11, 2024)(Thrash, J.), ECF No. 27.  Similarly, Defendant's motion is a waste of time, and should be denied.

## STATEMENT OF FACTS

When she was a child, Plaintiff was trafficked for sex at Defendant SAS's hotel for approximately two years.  [Doc. 1, ¶ 18].  In its motion, Defendant asks

the Court to strike nine paragraphs of Plaintiff's Complaint, but tellingly, Defendant does not provide the Court with the substance of the allegations contained in those paragraphs. The substance of these paragraphs was presumably omitted from Defendant's motion because each and every allegation that Defendant seeks to strike is specific to its actual and constructive knowledge of sex trafficking generally, and its knowledge sex trafficking at its hotel specifically, including Plaintiff's sex trafficking. Plaintiff will cover the allegations in detail below.

As Plaintiff has properly alleged, Defendant had every reason to know that its hotel was an open market for commercial sex, both prior to and during Plaintiff's trafficking. *Id*., ¶ 22. Several other victims were trafficked at Defendant's hotel at the exact same time that Plaintiff was trafficked there, and as a result, a large number of buyers frequented the hotel each day. *Id*. In addition, while she was trafficked at Defendant's hotel, Plaintiff and many other trafficking victims, including other children, frequently appeared throughout the hotel and on the hotel premises and approaches wearing very little clothing, and openly solicited dates for sex in the hotel parking lot. *Id*., ¶ 23.

Plaintiff also properly alleged that, prior to her trafficking, Defendant knew or should have known that Atlanta was a hub of sex trafficking and that the crime

was prevalent in the city, including at Defendant's hotel, and according to a well-publicized study commissioned by the U.S. Department of Justice, Atlanta had one of, if not the, largest illegal sex trafficking economies in the country. *Id*., ¶ 15. In 2007, Atlanta's sex trafficking economy was worth $290 million annually, and traffickers reported average weekly earnings of roughly $33,000. *Id*. Plaintiff also properly alleged that Defendant knew or should have known of sex trafficking at its hotel, because hotels and motels are "a particularly attractive site for criminal activity ranging from drug dealing and prostitution to human trafficking. Offering privacy and anonymity on the cheap, they have been employed as . . . rendezvous sites where child sex workers meet their clients on threat of violence from their procurers[.]" *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2457 (2015) (Scalia, J., dissenting, joined by Chief Justice Roberts and Justice Thomas). [Doc. 1, ¶ 17]. These allegations are specific to Defendant's hotel and the market it is located in, as well as Defendant's knowledge of sex trafficking generally, and provide a basis for Defendant's actual and constructive knowledge that sex trafficking, including child sex trafficking, was occurring and was likely to continue occurring at its hotel.

Plaintiff then specifically and properly alleged that Defendant's hotel and its approaches were well known for crime, prostitution, and minor sex trafficking, and

that Defendant knew or should have known of other minor sex trafficking, sex crimes, and other crimes at the hotels and in their immediate vicinity before Plaintiff was trafficked for sex at its hotel. *Id.*, ¶¶ 29-30. Defendant knew or should have known of violent crimes, including sex trafficking, occurring on its premises and approaches, yet it did nothing. *Id.*, ¶ 30.

Further, Plaintiff alleged that Defendant had actual or constructive knowledge of publicly available online reviews of the Econo Lodge reporting widespread prostitution and crime occurring at the hotel, yet negligently did nothing, including repeated reviews notifying Defendant of hookers, drug use, and prostitution on its premises. *Id.*, ¶¶ 31, 37. Many of these reviews provided actual and constructive knowledge to Defendant that commercial sex and sex trafficking was occurring on its premises, including reviews that say "HOOKERS all over the parking lot hanging off the balcony of the upstairs rooms and trying to get whatever man walked in their path!!!! This is obviously a hotel where the prostitutes do ALL THEIR BUSSINES!!!", "[o]nly stay at this awful place if you want to see HOOKERS and drug addicts all over the place", "prostitutes and drug dealers roaming the property", "[l]adies of the night were standing outside the doors", "[p]rostitute kingdom", and a review that notified Defendant that a guest was openly solicited for commercial sex on the way to the ice machine. *Id.*, ¶ 37.

Finally, Plaintiff alleged that Defendant knew or should have known of the steps to take to prevent its hotel from being used as a venue for Plaintiff's minor sex trafficking, and that it knew or should have known about the Department of Homeland Security's guidelines to identify warning signs that indicate the presence of sex trafficking on its hotel premises, including many detailed signs of sex trafficking that Plaintiff properly alleged were present at the time of her child sex trafficking at the Econo Lodge.  *Id*., ¶ 58. These include, but are not limited to, persons showing signs of malnourishment, poor hygiene, fatigue, sleep deprivation, untreated illness, injuries, and/or unusual behavior, persons who lack freedom of movement or are constantly monitored, persons who have no control over or possession of money or ID, persons who dress inappropriately for their age, and loitering and solicitation of male patrons.  *Id*., ¶¶ 19, 58.

All of these allegations are specifically related to Defendant's actual and constructive knowledge of sex trafficking generally, and that sex trafficking – including Plaintiff's child sex trafficking – was prevalent at its hotel.  Despite its knowledge, Defendant failed to address the trafficking crisis at its Econo Lodge and instead, profited from the hotel and sex trafficking venture by receiving rental revenue from rooms in which Plaintiff and other victims were trafficked, through the acts and omissions of its employees and managers, and in providing to

Plaintiff's trafficker the necessary venue for Plaintiff's minor sex trafficking. *Id.*,

¶¶ 60, 61. Defendant's Motion should be denied in full.

## LEGAL STANDARD

A motion to strike under Federal Rule of Civil Procedure 12(f) "reflects the

inherent power of the Court to prune down pleadings so as to expedite the

administration of justice and to prevent abuse of its process." *McNair v. Monsanto*

*Co.,* 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003). But "a motion to strike is a

drastic remedy and is disfavored by the courts." *Naples Hotel Co.,* 476 F. Supp. 3d

at 1259. These motions are "often considered time wasters." *TracFone Wireless,*

*Inc. v. Zip Wireless Prods., Inc.,* 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010)

(quoting *Tingley Sys. Inc. v. Bay State HMO Mgmt. Inc.,* 833 F. Supp. 882, 884

(M.D. Fla. 1993)). Thus, a Motion to Strike should be granted "only if 'the matter

sought to be omitted has *no possible relationship to the controversy,* may confuse

the issues, or otherwise prejudice a party.'" *Naples Hotel Co.,* 476 F. Supp. 3d at

1259 (emphasis added)(quoting *Schmidt,* 289 F.R.D. at 358); *see also TracFone*

*Wireless,* 716 F. Supp. 2d at 1290.).

## ARGUMENT AND CITATION OF AUTHORITY

Defendant seeks to strike nine paragraphs in Plaintiff's Complaint that are

not redundant, immaterial, impertinent, or scandalous. These paragraphs focus on

Defendant's knowledge of sex trafficking generally, and its specific knowledge of sex trafficking at its premises, including Plaintiff's sex trafficking.  [Doc. 1, ¶ 15, 17, 22-23, 29-31, 37, 58].  These allegations are directly relevant to Plaintiff's TVPRA civil claim, which allows sex trafficking victims to recover against ventures (such as the Econo Lodge) that "knew or should have known" that they knowingly benefited from engaging in an act that violated the TVPRA. 18 U.S.C. § 1595(a). Thus, allegations (and later proof) about what Defendant knew or should have known are relevant to Plaintiff's claims.

Indeed, courts in this circuit have held that allegations like those that Defendant seeks to strike, that "pertain to Defendant's knowledge of the prevalence of sex trafficking and the failure to prevent it" are relevant to Plaintiff's TVPRA claims. Order at 15, *A.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-5231 (N.D. Ga. May 24, 2022) (Boulee, J.), ECF No. 39.  See also, *CS. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1294 (M.D. Fla. 2021) ("Allegations regarding [Defendant's] knowledge of the prevalence of sex trafficking at hotels in general and [its] hotel in particular, and the failure to prevent it, are relevant to the types of claims [Plaintiffs] assert[].").  And as noted above, Judge Thrash previously found a similar motion to strike filed by a hotel defendant in a sex trafficking case was a "waste of everybody's time."

Defendant SAS's motion to strike is not about clearing up confusion or streamlining the issues. It is about wasting time – specifically that of the Court and Plaintiff's counsel. The proof is in the fact that Defendant filed its answer _two_ _months_ before filing its motion. The truth is that Plaintiff's allegations concerning Defendant SAS's knowledge of sex trafficking generally, and knowledge of the sex trafficking that was occurring at its hotel, are helpful to Plaintiff's case and harmful to SAS's defenses.  But that's not a valid reason to file a motion to strike, and Defendant SAS's motion should be denied.

## <u>CONCLUSION</u>

The nine specific paragraphs that Defendant SAS moves to strike, identified above, are directly related to the controversy and Plaintiff's TVPRA claims.  As such, they are neither irrelevant, impertinent, nor scandalous, and Defendant's Motion should be denied in full.

This 7th day of August, 2025.

*[signatures on following page].*

Respectfully Submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
*Attorneys for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

**ANDERSEN, TATE & CARR, P.C.**

/s/ Patrick J. McDonough
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing ***Plaintiff's Response to Defendant's Motion to Strike*** has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:25-cv-01634-AT |
| TRAVEL LODGE OLD NATIONAL, | ) | |
| LLC, HIMA ENTERPRISES, | ) | |
| INC., and SAS HOTELS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the

foregoing ***Plaintiff's Response to Defendant SAS Hotels, LLC's Motion to Strike***

with the Clerk of Court using the CM/ECF system which will automatically send

email notification of such filing to:

Kathryn S. Whitlock
Thomas D. Whiddon
McAngus Goudelock & Courie, LLC
270 Peachtree Street, NW, Suite 1800
Atlanta, GA 30303

Daniel C. Headrick
Johnson Evans & Headrick, P.C.
2690 Cobb Parkway SE
Suite A5-342
Smyrna, GA 30080

Peter F. Schoenthaler
Christopher Rosser
Timothy M. Blenner
Peter F. Schoenthaler, P.C.
6400 Powers Ferry Road NW
Suite 230
Atlanta, GA 30339

This 7th day of August, 2025.

LAW & MORAN

/s/ Denise D. Hoying
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Denise@lawmoran.com