IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D.B., | : | |
|     Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:25-cv-1634-AT |
| TRAVEL LODGE OLD NATIONAL, LLC, HIMA ENTERPRISES, INC., and SAS HOTELS, LLC, | : | |
|     Defendants. | : | |

### **ORDER**

Plaintiff D.B. has brought suit against three Defendants[1] under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C, § 1595 *et seq.*, alleging she was repeatedly trafficked for sex at the two hotels owned by Defendants while she was underage, and that the hotels knowingly benefited from that sex trafficking scheme. (*See generally* Doc. 1). Defendant has moved to strike nine paragraphs of the Plaintiff's Complaint, arguing that they "serve no purpose

---

[1] Defendants are Travel Lodge Old National, LLC — which owned and operated the Travelodge by Wyndham hotel — along with HIMA Enterprises, Inc., and SAS Hotels, LLC, which owned and operated the Econo Lodge hotel. In December 2025, Defendant Travel Lodge notified the Court that it had filed for bankruptcy, automatically staying this litigation as to that entity. (Doc. 45). As the Court indicated, the litigation shall proceed against Defendants HIMA Enterprises, Inc., and SAS Hotels.

other than to inflame, provoke anger, and incite an adverse emotional response in the reader."[2] [Doc. 32 at 1].

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy broad discretion in determining whether to grant a motion to strike, but "it is axiomatic that motions to strike are not favored and are, therefore, infrequently granted." *Riley v. Hannibal*, 2019 WL 13021156, at *2 (N.D. Ga. May 6, 2019) (quoting *United States v. S. Motor Carriers Rate Conf.*, 439 F. Supp. 29, 39 (N.D. Ga. 1977)). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Riley*, 2019 WL 13021156, at *2 (quoting *Daughtry v. Firestone Tire & Rubber Co.*, 85 F.R.D. 693, 695 (N.D. Ga. 1980)).

---

[2] Defendant SAS Hotels simultaneously filed a Motion for Leave to File a Motion to Strike Out of Time [Doc. 31], contending that a difference between the federal rules and local rules creates ambiguity as to the proper deadline for a Motion to Strike, and that the filing would not prejudice Plaintiff given the early stage of the litigation. Plaintiff responds that Defendant has made no showing that its delay in filing was due to "excusable neglect." (Doc. 33 at 2). The Court will **GRANT** Defendant's Motion for Leave to File a Motion to Strike Out of Time [Doc. 31], as the ultimate outcome of this Order creates no prejudice to the Plaintiff.

Core to the Motion to Strike is the question of whether the content at issue is relevant or probative of the elements of Plaintiff's TVPRA claim. The TVPRA "provides sex-trafficking victims with a civil cause of action against 'the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter).'" *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021) (citing 18 U.S.C. § 1595(a)). Such liability attaches when a defendant

> (1) knowingly benefited (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Id.* at 719. In other words, for her civil claim to survive, Plaintiff must be a sex trafficking victim and she must establish that the trafficking scheme in which she alleges Defendant's participation did, indeed, violate the TVPRA.

The nine paragraphs that Defendant SAS Hotels seeks to strike from the Complaint are directly relevant to whether the Defendant "[took] part in" and "knowingly benefited" from the sex trafficking scheme that Plaintiff alleges. These paragraphs give context about sex trafficking in Atlanta, the prevalence of sex trafficking at hotels and motels, and similar incidents and patterns at Defendants' hotels. In short, they all bear on Defendant's actual and/or constructive knowledge. To the degree they are inflammatory, that is the natural byproduct of the dreadful nature of child sex trafficking allegations.

3

Defendant SAS Hotels first seeks to strike Paragraph 15 and Paragraph 17 of Plaintiff's Complaint, which it refers to as "generalized allegations" about sex trafficking in Atlanta and at hotels:

> 15. Defendants knew or should have known that Atlanta was a hub of sex trafficking and that the crime was prevalent in the city, including at Defendants' motels. According to a well-publicized study commissioned by the U.S. Department of Justice, Atlanta had one of, if not the, largest illegal sex trafficking economies in the country. In 2007, Atlanta's sex trafficking economy was worth $290 million annually, and traffickers reported average weekly earnings of roughly $33,000.
>
> [...]
>
> 17. Hotels and motels are "a particularly attractive site for criminal activity ranging from drug dealing and prostitution to human trafficking. Offering privacy and anonymity on the cheap, they have been employed as . . . rendezvous sites where child sex workers meet their clients on threat of violence from their procurers[.]" *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2457 (2015) (Scalia, J., dissenting, joined by Chief Justice Roberts and Justice Thomas).

(Doc. 1 ¶¶ 15, 17.) Numerous courts in this district have found that allegations regarding the pervasiveness of sex trafficking "pertain to Defendant's knowledge of the prevalence of sex trafficking and the failure to prevent it" and "are therefore relevant to Plaintiff's claims." *A.G. v. Northbrook Indus., Inc.*, 2022 WL 1644921, at *6 (N.D. Ga. May 24, 2022) (Boulee, J.); *see also Heidemann v. Red Lion Hotels Corp.*, 2021 WL 12299951, at *11 (N.D. Ga. Sept. 24, 2021) (May, J.).

Next, Defendant seeks to strike several paragraphs about other sex trafficking incidents at the Defendants' hotels, as well as allegations of broader public knowledge of commercial sex at these establishments:

4

> 22. While Plaintiff was trafficked at the Travelodge and Econo Lodge, several other victims were also trafficked for sex at each motel, which have been described as "an open market for sex." As a result, a large number of buyers frequented the motels each day.
>
> 23. Plaintiff and other trafficking victims, some even younger than D.B., frequently appeared throughout the motels and on the motel premises and approaches wearing very little clothing, and solicited dates for sex in the motel parking lots.
>
> [...]
>
> 29. The Travelodge and Econo Lodge and their approaches were well known for crime, prostitution, and minor sex trafficking.
>
> 30. Defendants knew or should have known of other minor sex trafficking, sex crimes, and other crimes at the motels and in their immediate vicinity before Plaintiff was trafficked for sex at the Travelodge and Econo Lodge, which are located in close proximity to one another. Defendants knew or should have known of violent crimes occurring on their premises and approaches, yet negligently did nothing.
>
> 31. Defendants had actual or constructive knowledge of publicly available online reviews of the Travelodge and Econo Lodge reporting widespread prostitution and crime occurring at the motels, yet negligently did nothing.
>
> [...]
>
> 37. Defendants knew or should have known of the [] Econo Lodge reviews [related to prostitution allegedly taking place at the hotel.]

(Doc. 1 ¶¶ 22, 23, 20, 30, 31, 37.) Defendant argues these paragraphs are irrelevant discussions of "other alleged crimes on the premises" and at Defendants' other properties. But, importantly, these allegations "'provide relevant background information' concerning Defendants' actual or constructive knowledge of sex trafficking at the [hotels] where Plaintiff was victimized." *Heidemann*, 2021 WL 12299951, at *11 (quoting *B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL

4368214, at *3 (N.D. Cal. July 30, 2020)). After all, the continued prevalence of sex trafficking at these establishments serves to make Defendants' knowledge of the conduct more likely.

In sum, the Court finds that the factual allegations at issue in Defendant's Motion are probative of Defendant's actual and/or constructive knowledge of the trafficking scheme and are thus relevant to the crux of Plaintiff's case. For the foregoing reasons, the Court **GRANTS** Defendant SAS Hotels's Motion for Leave to File a Motion to Strike Out of Time [Doc. 31] but, after full consideration, **DENIES** Defendant's Motion to Strike [Doc. 32].

**IT IS SO ORDERED** this 12th day of December, 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**