IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.B., : | |
|     Plaintiff, : | |
| v. : | CIVIL ACTION NO. |
| TRAVEL LODGE OLD NATIONAL, : | 1:25-cv-1634-AT |
| LLC, HIMA ENTERPRISES, INC., and : | |
| SAS HOTELS, LLC, : | |
|     Defendants. : | |

## **ORDER**

This matter is before the Court on a Joint Motion to Stay the Case by Defendants HIMA Enterprises, Inc. and SAS Hotels, LLC [Doc. 48]. On December 4, 2025, Defendant Travel Lodge Old National, LLC notified the Court that it had filed for bankruptcy, automatically staying this case as to that entity. (Doc. 45). On December 22, the remaining Defendants moved to stay the case in its entirety "[i]n order to preserve judicial, party, and witness resources, and for just cause[.]" (Doc. 48 at 3). The Plaintiff opposed on the grounds that "Defendants HIMA Enterprises, Inc. and SAS Hotels, LLC are not affiliated with Travel Lodge Old National, LLC or the motel that it owned and operated at the time of Plaintiff's trafficking, and are not part of Travel Lodge Old National, LLC's bankruptcy." (Doc. 51 at 2).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997)

(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254–55. However, "a stay of indefinite duration in the absence of a pressing need" is deemed an abuse of discretion. *Id.* at 255. Moreover, "[t]he proponent of the stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

Defendants have not met that burden of establishing "pressing need" for a stay in these circumstances. Given the uncertainty of how long Defendant Travel Lodge Old National, LLC's bankruptcy proceedings might persist, indefinitely delaying the litigation would functionally deny Plaintiff of a forum in which to pursue her claims. For these reasons, Defendants' Motion to Stay the Case [Doc. 48] is **DENIED**.

**IT IS SO ORDERED** this 4th day of February, 2026.

_____
**Honorable Amy Totenberg
United States District Judge**