IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.B.,

      Plaintiff,

    v.

TRAVEL LODGE OLD
NATIONAL, LLC, HIMA
ENTERPRISES, INC., and SAS
HOTELS, LLC,

      Defendants.

CIVIL ACTION FILE NO.
1:25-CV-01634-AT

## SAS HOTELS, LLC'S OBJECTIONS TO PLAINTIFF'S SUBPOENA TO NONPARTY CHOICE HOTELS INTERNATIONAL, LLC

COMES NOW Defendant SAS Hotels, LLC and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Nonparty Choice Hotels International, LLC[1] pursuant to F.R.C.P. 34(a) and (b)(2)(C) and 45(d)(2)(B) of the Federal Rules of Civil Procedure. SAS objects to Plaintiff's Subpoena as follows:

In an apparent attempt to circumvent the Federal Rules of Civil Procedure and supplemental production obligations, Plaintiff sent the Subpoena to SAS's prior franchisor nonparty Choice demanding a wide range of information that is not discoverable under the Rules. Plaintiff submitted nearly identical requests to

---

[1] A copy of the at-issue Subpoena is attached as Exhibit "A".

2

Defendant, to which Defendant objected and responded based on the information in its possession, custody, and control and consistent with the Rules.

This is an alleged sex trafficking case under the Trafficking Victims Prevention and Protection Reauthorization Act ("TVPRA"). Plaintiff claims to have been trafficked from 2011 to 2013 at Defendants' hotels. It is not a premises liability case (as to which the statute of limitations has long since expired). Plaintiff does not have a judgment against any Defendant. Furthermore, SAS has already responded with the information sought by this Request in its August 21, 2026 *Responses to Plaintiff's First Interrogatories to Defendants* and *Responses to Plaintiff's Request for Production of Documents and Notice to Produce Documents to Defendants* directed to SAS.

The subpoena is overbroad and unreasonable. It is unlimited in point of time and many of the requests have no apparent connection to the elements of a TVPRA claim. It is, therefore, overbroad. *See, Schwieterman v. Caterpillar Inc.*, 2021 U.S. Dist. LEXIS 258534, *4 (N.D. Ga. 2021)

Plaintiff's end-run attempt may necessitate a motion to quash as much of the information sought is not relevant to any party's claim or defense, proportional to the needs of the case, and thus undiscoverable. F.R.C.P. 34(a); see, also, F.R.C.P. 26(b)(1). While discovery limitations are broad, they are not boundless. *Chudasama*

*v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11ᵗʰ Cir. 1997); *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 525 (N.D. Ga 2012).

**Request # 1:**

*Your entire file regarding the above-referenced Econolodge*;

**Objection to Request # 1:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. In addition, most of Choice's entire business relationship with SAS has no bearing on Plaintiff's TVPRA claims. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 2:**

*Copies of any and all emails, reports, reviews, surveys, policies, and any other documents that in any way mention, refer to, or are related to any criminal activity, sex trafficking, prostitution, crime, or security issues/concerns at the subject Econolodge, its parking lot, or Old National Highway from January 1, 2010 through January 1, 2016;*

**Objection to Request # 2:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. Therefore, the subpoena seeks

4

information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 3:**

*Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to SAS Hotels, LLC from January 1, 2012 through January 1, 2016, including but not limited to primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage;*

**Objection to Request # 3:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 4:**

*Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to HIMA Enterprises, Inc. from January 1, 2012 through January 1, 2016, including but not limited to primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage;*

**No objection by SAS to Request # 4**

5

**Request # 5:**

*Copies of all documents, employee agreements, employee handbooks, pamphlets, announcements, newsletters, policy and procedure manuals, or videotapes regarding the hiring and training of employees or managers at the Econolodge, including but not limited to safety, crime deterrents, sex trafficking awareness or prevention, or any security measures at the Econolodge;*

**Objection to Request # 5:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 6:**

*All documents relating to security for the subject Econolodge;*

**Objection to Request # 6:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 7:**

*Copies of all documents, reservations, receipts, room folios, or invoices relating to any room rented to Taylor Wilson, Jeremy Campbell, Jordan Brown, Kamisha McCray, DaQuan Cantrall, Kyle Simms, Holly Hagen, Whitney Karimi, Kristal Upshaw, Desmonique Bennett, Jordan Solorzano, Khiry Price, Christina Dix, and/or Demetrius Hall from January 1, 2010 to January 1, 2016;*

**Objection to Request # 7:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. In addition, Plaintiff claims to have been trafficked by Kyle and DaQuan. Information about guests other than Plaintiff and her traffickers is not relevant and disclosing it would be an unnecessary violation of their privacy. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 8:**

*Copies of any and all documents reflecting complaints regarding Taylor Wilson, Jeremy Campbell, Jordan Brown, Kamisha McCray, DaQuan Cantrall, Kyle Simms, Holly Hagen, Whitney Karimi, Kristal Upshaw, Desmonique Bennett, Jordan Solorzano, Khiry Price, Christina Dix, and Demetrius Hall, including any police reports, complaint logs, incident reports from January 1, 2010 to January 1, 2016;*

7

**Objection to Request # 8:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. In addition, Plaintiff claims to have been trafficked by Kyle and DaQuan. Information about guests other than Plaintiff and her traffickers is not relevant and disclosing it would be an unnecessary violation of their privacy. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 9:**

*All property improvement plans, inspection reports, inspection notes, photographs taken at inspections, communications, emails, text messages, and all other documents related in any way to any inspections of the subject Econolodge from January 1, 2010 to January 1, 2016;*

**Objection to Request # 9:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**Request # 10:**

*All documents, franchise agreements, contracts, handbooks, pamphlets, announcements, newsletters, manuals, standards, brand standards, purchase*

8

*agreements, guidelines, policies and procedures, or videotapes regarding the operation and maintenance of the Econolodge from January 1, 2010 to January 1, 2016;*

**<u>Objection to Request # 10</u>:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**<u>Request # 11</u>:**

*All documents, communications, reports, emails, training materials, and/or policies regarding prostitution and/or sex trafficking at the Econolodge from January 1, 2010 to January 1, 2016; and;*

**<u>Objection to Request # 11</u>:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

**<u>Request # 12</u>:**

*All documents of any nature and kind, including but not limited to correspondence, emails, text messages, reports, notes, and all other documents*

9

*related to the decision to end your relationship with SAS Hotels, LLC and/or operation of the Econolodge branded hotel located at 4874 Old National Highway, College Park, GA 30337.*

**Objection to Request # 12:**

This request is overbroad and an improper fishing expedition. Plaintiff claims to have been trafficked from 2011 to 2013. In addition, most of Choice's entire business relationship with SAS has no bearing on Plaintiff's TVPRA claims. Therefore, the subpoena seeks information which is not relevant to any party's claim or defense and also is not proportional to the needs of the case.

This the 24th day of March, 2026.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
Kathryn S. Whitlock (GA Bar No. 756233)
kate.whitlock@mgclaw.com
Thomas D. Whiddon (GA Bar No. 330536)
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*

10

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
#### for the
#### Northern District of Georgia  ▾

| | | |
|---|---|---|
| D.B. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:25-cv-01634-AT |
| SAS Hotels, LLC, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Choice Hotels International, Inc., c/o Corporation Service Company
2 Sun Court, Suite 400, Peachtree Corners, GA, 30092

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Law & Moran <br> 563 Spring Street, N.W. <br> Atlanta, GA 30308 | Date and Time: <br><br> 03/27/2026 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _03/03/2026_

| CLERK OF COURT | | |
|---|---|---|
| _____ <br> _Signature of Clerk or Deputy Clerk_ | OR | _Denise Hoying_ (signature) <br> _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
D.B. _____ , who issues or requests this subpoena, are:
Denise D. Hoying, Law & Moran, 563 Spring Street NW, Atlanta, GA 30308, denise@lawmoran.com; 404-814-3700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01634-AT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Choice Hotels International, Inc., c/o Corp. Service Co. 2 Sun Court, Suite 400, Peachtree Corners, GA 30092

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Re:   **Econolodge**
      **4874 Old National Highway**
      **College Park, GA 30337**

1.  Your entire file regarding the above-referenced Econolodge;

2.  Copies of any and all emails, reports, reviews, surveys, policies, and any other documents that in any way mention, refer to, or are related to any criminal activity, sex trafficking, prostitution, crime, or security issues/concerns at the subject Econolodge, its parking lot, or Old National Highway from January 1, 2010 through January 1, 2016;

3.  Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to SAS Hotels, LLC from January 1, 2012 through January 1, 2016, including but not limited to primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage;

4.  Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to HIMA Enterprises, Inc. from January 1, 2010 through January 1, 2014, including but not limited to primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage;

5.  Copies of all documents, employee agreements, employee handbooks, pamphlets, announcements, newsletters, policy and procedure manuals, or videotapes regarding the hiring and training of employees or managers at the Econolodge, including but not limited to safety, crime deterrents, sex trafficking awareness or prevention, or any security measures at the Econolodge;

6.  All documents relating to security for the subject Econolodge;

7.  Copies of all documents, reservations, receipts, room folios, or invoices relating to any room rented to Taylor Wilson, Jeremy Campbell, Jordan Brown, Kamisha McCray, DaQuan Cantrall, Kyle Simms, Holly Hagen, Whitney Karimi, Kristal Upshaw, Desmonique Bennett, Jordan Solorzano, Khiry Price, Christina Dix, and/or Demetrius Hall from January 1, 2010 to January 1, 2016;

8.  Copies of any and all documents reflecting complaints regarding Taylor Wilson, Jeremy Campbell, Jordan Brown, Kamisha McCray, DaQuan Cantrall, Kyle Simms, Holly Hagen, Whitney Karimi, Kristal Upshaw, Desmonique Bennett, Jordan Solorzano, Khiry Price, Christina Dix, and Demetrius Hall, including any police reports, complaint logs, incident reports from January 1, 2010 to January 1, 2016;

9.  All property improvement plans, inspection reports, inspection notes, photographs taken at inspections, communications, emails, text messages, and all other documents related in any way to any inspections of the subject Econolodge from January 1, 2010 to January 1, 2016;

10. All documents, franchise agreements, contracts, handbooks, pamphlets, announcements, newsletters, manuals, standards, brand standards, purchase agreements, guidelines, policies and procedures, or videotapes regarding the operation and maintenance of the Econolodge from January 1, 2010 to January 1, 2016;

11. All documents, communications, reports, emails, training materials, and/or policies regarding prostitution and/or sex trafficking at the Econolodge from January 1, 2010 to January 1, 2016; and

12. All documents of any nature and kind, including but not limited to correspondence, emails, text messages, reports, notes, and all other documents related to the decision to end your relationship with SAS Hotels, LLC and/or operation of the Econolodge branded hotel located at 4874 Old National Highway, College Park, GA 30337.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *SAS Hotels, LLC's Objections to Plaintiff's Subpoena to Nonparty Choice Hotels International, LLC* was served upon all counsel of record via electronic mail to all counsel of record as follows:

LAW & MORAN
Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
Denise D. Hoying
denise@lawmoran.com

PETER F. SCHOENTHALER, P.C.
Peter F. Schoenthaler
pfs@schoenthalerlaw.com
Christopher Rosser
crosser@schoenthalerlaw.com
Timothy Blenner
tblenner@schoenthalerlaw.com
Neill K. Wright
nwright@schoenthalerlaw.com

ANDERSEN, TATE & CARR, P.C.
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC
Patrick B. Moore
pmoore@wwhgd.com
Sarah J. Unatin
sunatin@.wwhgd.com

JOHNSON EVANS & HEADRICK, P.C.
Daniel C. Headrick
dheadrick@je.legal

This the 24th day of March, 2026.

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Kathryn S. Whitlock*
Kathryn S. Whitlock (GA Bar No. 756233)
kate.whitlock@mgclaw.com
Thomas D. Whiddon (GA Bar No. 330536)
thomas.whiddon@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 500-7307
*Attorneys for Defendant SAS Hotels, LLC*