IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.B.,<br><br>  Plaintiff,<br><br>  v.<br><br>TRAVEL LODGE OLD NATIONAL, LLC, HIMA ENTERPRISES, INC., and SAS HOTELS, LLC,<br><br>  Defendants. | CIVIL ACTION FILE NO.<br>1:25-CV-01634-AT |

**REVISED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff and Defendant Travel Lodge Old National, LLC hereby submit the following revised joint preliminary report and discovery plan:

**1. Description of Case:**

 **(a) Describe briefly the nature of this action.**

This case arises from allegations that Plaintiff was trafficked for sex at the Econo Lodge located at 4874 Old National Hwy, College Park, Fulton County, Georgia 30337 and the Travelodge by Wyndham located at 2471 Old National Highway, College Park, Fulton County, Georgia 30349. Plaintiff asserts statutory liability against Defendants pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595.

Defendants deny that they are liable to Plaintiff under the TVPRA or otherwise.

**(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

<u>By Plaintiff</u>:  Plaintiff was a victim of minor sex trafficking at the Econo Lodge and Travelodge from 2011 through 2013.  Defendants SAS Hotels, LLC and HIMA Enterprises, Inc. owned, managed, supervised, operated, oversaw, controlled the operation of, and/or were inextricably connected to the renting of rooms at the Econo Lodge, from which they benefited financially.  Plaintiff has recently resolved her claims against Defendant SAS Hotels, LLC and the parties will file a Consent Motion to Dismiss less than all parties shortly. Defendant Travel Lodge Old National, LLC and non-party Lexicon Hospitality LLC owned, managed, supervised, operating, oversaw, controlled the operation of, and/or was inextricably connected to the renting of rooms at the Travelodge, from which it benefitted financially.  Plaintiff recently became aware of Lexicon Hospitality's involvement and will file a Motion to Add it as a Defendant shortly.  Prior to Plaintiff's trafficking, Defendants and Lexicon Hospitality knew or should have known that their hotels were a venue for sex trafficking, including minor sex trafficking, and other sex crimes, and knew or should have known of Plaintiff's trafficking.

**By Defendant**: Defendant Travel Lodge Old National, LLC owned the Travelodge by Wyndham located at 2471 Old National Highway during a portion of the time period referenced in Plaintiff's Complaint. Otherwise, Travel Lodge Old National, LLC denies Plaintiff's allegations and denies that it is liable to Plaintiff in any amount or any manner whatsoever.

**(c)     The legal issues to be tried are as follows:**

**By Plaintiff**:   Whether Defendants, or any of them, violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a); the amount of damages Plaintiff is entitled to recover; whether Plaintiff is entitled to recover attorneys' fees pursuant to O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14, and 18 U.S.C. § 1595(a); and whether Plaintiff is entitled to recover punitive damages pursuant to O.C.G.A. § 51-12-5.1.

**By Defendant**:

Subject to the disposition of Defendant's pending Consolidated Motion to Dismiss (Doc. 17), the legal issues raised by this Defendant include whether Plaintiff was trafficked at Defendant's hotel; whether Defendant knowingly benefited from participation in a venture that it knew or should have known engaged in acts in violation of the TVPRA as to Plaintiff; whether any alleged act or omission of this Defendant proximately caused the injuries Plaintiff claims;  whether such injuries (if

any) were proximately caused, in whole or in part, by the criminal acts of third-party actors over whom Defendant exercised no control; the nature, extent, and causation of Plaintiff's alleged damages; and whether Plaintiff is entitled to recover punitive damages or attorneys' fees.

**(d)    The cases listed below (include both style and action number) are:**

(1)    Pending related cases:

Technically, there are no pending related cases. However, there is some overlap between this case and the below case, also in the USDC, ND GA:

*J.S., Plaintiff, v. Travel Lodge Old National, LLC, HIMA Enterprises, Inc., and SAS Hotels, LLC, Defendants,* CAF#1:25-CV-01635-ELR

The parties will coordinate and consolidate discovery in these cases to the extent feasible.

(2)    Previously Adjudicated Related Cases:

Not applicable.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

_____(1)    Unusually large number of parties

_____(2)    Unusually large number of claims or defenses

_____(3)    Factual issues are exceptionally complex

_____(4)    Greater than normal volume of evidence

-4-

-5-

   X  (5)     Extended discovery period is needed

   X  (6)     Problems locating or preserving evidence

_____(7)     Pending parallel investigations or actions by government

_____(8)     Multiple use of experts

_____(9)     Need for discovery outside United States boundaries

_____(10)    Existence of highly technical issues and proof

_____(11)    Unusually complex discovery of electronically stored information.

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the Plaintiff and Travel Lodge Old National, LLC:

*Attorneys for Plaintiff*:
Peter A. Law
E. Michael Moran
Denise D. Hoying
Law & Moran
563 Spring Street NW
Atlanta, Georgia 30308
Patrick J. McDonough
Jonathan S. Tonge
Andersen, Tate & Carr
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

*Attorneys for Defendant Travel Lodge:*
Peter F. Schoenthaler, Esq.
Christopher Rosser, Esq.

Timothy M. Blenner, Esq.
PETER F. SCHOENTHALER, P.C.
6400 Powers Ferry Road, NW
Suite 230
Atlanta, Ga, 30339

Patrick B. Moore, Esq.
Sarah J. Unatin, Esq.
WEINBERG, WHEELER, HUDGINS,  GUNN & DIAL, LLC
3344 Peachtree Rd, N.E.,
Suite 2400
Atlanta, GA 30326

Catherine T. Moussa, Esq. (admitted pro hac)
WEINBERG, WHEELER, HUDGINS,  GUNN & DIAL, LLC
55 South Orange Ave.,
Suite 1260
Orlando, FL 32801

**4.**   **Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____Yes   __X___ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.**   **Parties to This Action:**

**(a)**   **The following persons are necessary parties who have not been joined.**

Plaintiff recently learned that Lexicon Hospitality, LLC operated, managed, and controlled the subject Travel Lodge, and accordingly, needs to be added as a

defendant.  Plaintiff intends to file a Motion to Add Lexicon Hospitality as a party defendant in the very near future.

Defendant contends that the alleged trafficker may need to be named as a defendant. Defendant does not at this time identify any other necessary parties who have not been joined but reserves the right to do so as discovery proceeds. To the extent Plaintiff seeks to recover for injuries allegedly caused by the criminal acts of her alleged trafficker(s) or other non-parties who participated in the alleged trafficking, Defendant reserves its right to seek apportionment of fault and to identify all non-party responsible actors in accordance with applicable law.

    **(b)    The following persons are improperly joined as parties:**

    None.

    **(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

    None.

    **(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15.  Further instructions regarding amendments are contained in LR 15.

    **(a)    List separately any amendments to the pleadings, which the parties anticipate will be necessary:**

None at this time.

    **(b)    Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed or should have**

**been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.      Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1(A)(2).

(a)      ***Motions to Compel***: Before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)      ***Summary Judgment Motions***: Within 30 days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c)      ***Other Limited Motions***: Refer to Local Rules 7.2A; 7.2B and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)      ***Motions Objecting to Expert Testimony***: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties have previously served initial disclosures.

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

10.    **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

Discovery as to Travel Lodge Old National, LLC was previously stayed due to its bankruptcy, which has now been dismissed.

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties anticipate conducting discovery on nonprivileged matters relevant to the claims and defenses in this action and proportional to the needs of the case under the Federal Rules of Civil Procedure. As between Plaintiff and Travel Lodge Old National, LLC, the anticipated subjects of discovery include the circumstances of Plaintiff's alleged trafficking at the Travelodge during the time period alleged in the Complaint; matters bearing on Travel Lodge's alleged knowledge, conduct, and defenses; causation; and Plaintiff's claimed damages.  The parties are actively

-9-

discussing settlement, and request five months for discovery as between Plaintiff and Travel Lodge, with an expiration of the discovery period of October 30, 2026. This time period reflects the parties' intent to engage in good faith settlement discussions prior to conducting additional extensive discovery between them.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

See above.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None known at this time.

(b) **Is any party seeking discovery of electronically stored information?**

__X__ Yes ___ No

**If "yes,"**

(1)    **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have agreed to work together regarding the production of electronically stored information.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will produce all electronically stored information in native format to the extent available; otherwise, said information may be produced in .pdf format. All electronically stored information will be produced electronically via Dropbox, Sharefile, or other service provider, or via flash drive or external hard drive, and will include all associated metadata to the extent same is available.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

## 12. Other Orders:

**What other orders do the parties think the court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

## 13.    Settlement Potential:

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) settlement conference that was held on May 19, 2026 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party:**

Attorney for Plaintiff: Denise D. Hoying
Lead counsel (signature):      */s/ Denise D. Hoying*

Attorney for Defendant Travel Lodge: Patrick B. Moore
Lead counsel (signature): */s/ Patrick B. Moore*

**(b)** **All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears that there is now:**

( x )      A possibility of settlement before discovery.
( x )      A possibility of settlement after discovery.
(__)      A possibility of settlement, but a conference with the judge is needed.
(__)      No possibility of settlement.

**(c)** **Counsel  (X) do or (  ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined.**

**(d)** **The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14.   Trial by Magistrate Judge:**
**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)** **The parties (  ) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 20__.**

**(b)** **The parties (X) do not consent to having this case tried before a magistrate judge of this court.**

This 20th day of May, 2026.

-13-

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Fax: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com
*Attorneys for Plaintiff*

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Patrick J. McDonough*
Patrick J. McDonough
Georgia Bar No. 489855
Jonathan S. Tonge
Georgia Bar No. 303999
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Fax: (770) 822-9680
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

**SCHOENTHALER LAW GROUP, P.C.**

*/s/ Peter F. Schoenthaler*
Peter F. Schoenthaler
Georgia Bar No. 629789
Christopher Rosser
Georgia Bar No. 761317
Timothy Blenner
Georgia Bar No. 653606
270 Peachtree Street, NW, Ste 1800
Atlanta, Georgia 30303
Phone: (678) 500-7307
Fax: (678) 669-3546

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Patrick B. Moore*
Patrick B. Moore
GA Bar No. 520390
Sarah J. Unatin
GA Bar No. 953061
3344 Peachtree Rd, N.E., Ste 2400
Atlanta, GA 30326
Telephone: 404.876.2700
Facsimile: 404.875.9433
pmoore@wwhgd.com
sunatin@wwhgd.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Catherine T. Moussa*
Catherine T. Moussa, Esq. (admitted pro hac)
FL Bar No. 1017814
NJ Bar No. 442612023
55 South Orange Ave., Ste 1260
Orlando, FL 32801
T: 407.734.7000 / F: 407.930.9180
cmoussa@wwhgd.com
*Attorneys for Defendant*

-14-

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing *Revised Joint Preliminary Report and Discovery Plan* has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA.   Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

LAW & MORAN

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.B.,

      Plaintiff,

    v.

TRAVEL LODGE OLD
NATIONAL, LLC, HIMA
ENTERPRISES, INC., and SAS
HOTELS, LLC,

      Defendants.

CIVIL ACTION FILE NO.
1:25-CV-01634-AT

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing ***Revised Joint Preliminary Report and Discovery Plan*** with the Clerk of Court using the CM/ECF system which will automatically send email notification to:

Kathryn S. Whitlock
Thomas D. Whiddon
MCANGUS GOUDELOCK & COURIE, LLC
270 Peachtree Street, NW, Ste 1800
Atlanta, GA 30303

Daniel C. Headrick
JOHNSON EVANS & HEADRICK, P.C.
2690 Cobb Parkway SE
Suite A5-342
Smyrna, GA 30080

Peter F. Schoenthaler
Christopher Rosser
Timothy M. Blenner
PETER F. SCHOENTHALER, P.C.
6400 Powers Ferry Road NW, Ste 230
Atlanta, GA 30339

Patrick B. Moore
Sarah J. Unatin
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL
3344 Peachtree Rd, N.E., Ste 2400
Atlanta, GA 30326

-16-

This 20th day of May, 2026.

**LAW & MORAN**

/s/ Denise D. Hoying
Denise D. Hoying
Georgia Bar No. 236494
*Attorney for Plaintiff*

563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Denise@lawmoran.com

-17-