IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.B.,

    Plaintiff,

v.

TRAVEL LODGE OLD NATIONAL,
LLC, HIMA ENTERPRISES, INC.,
and SAS HOTELS, LLC,

    Defendants.

CIVIL ACTION FILE NO.
1:25-CV-01634-AT

**DEFENDANT HIMA ENTERPRISES, INC.'S UNOPPOSED MOTION TO AMEND SCHEDULING ORDER**

COMES NOW Defendant HIMA Enterprises, Inc. ("HIMA"), by and through counsel, and files this Motion to Amend Scheduling Order. Counsel for HIMA has conferred with counsel for Plaintiff, and Plaintiff consents to the relief requested in this Motion. HIMA shows the Court as follows:

The original Scheduling Order in this case set discovery to expire on January 5, 2026. On the joint request of the parties, the Court extended that deadline to April 30, 2026. (Dkt. Order 12/22/2025). By Order entered March 12, 2026, the Court further extended discovery between Plaintiff, SAS Hotels, and HIMA Enterprises through June 30, 2026, and ordered that motions for summary judgment be filed by July 30, 2026, that responses be filed by August 21, 2026, and that replies be filed by September 4, 2026. (Doc. 72).

1

Since entry of the March 12 Order, the posture of this case has changed in ways that bear directly on the remaining discovery. The bankruptcy of Defendant Travel Lodge Old National, LLC was dismissed, and on May 5, 2026 the Court lifted the stay as to Travel Lodge. (Doc. 85). On May 20, 2026, the Court adopted the Revised Joint Preliminary Report and Discovery Plan and ordered that discovery between Plaintiff and Travel Lodge be completed by October 30, 2026. (Doc. 86; Dkt. Order 5/20/2026). Travel Lodge's return to active litigation in the middle of the discovery period requires coordination of the remaining depositions so that party and fact witnesses may be examined once — by all parties entitled to participate — rather than twice on overlapping subjects. Additionally, Plaintiff has resolved her claims against Defendant SAS Hotels, LLC, and the parties anticipate filing a consent motion to dismiss that Defendant. (Doc. 86 at 2).

The parties have diligently pursued discovery. Considerable written discovery has been exchanged, and the depositions of Jagruti Patel and Suresh Patel were completed on April 14, 2026. Plaintiff's deposition — originally set for early April 2026 and deferred by agreement of the parties because of Plaintiff's unavailability this spring — is now scheduled for June 25, 2026, five days before the current discovery deadline. That timing makes it impracticable to complete the remaining depositions — and any discovery that follows from Plaintiff's testimony — before June 30, 2026.

Good cause therefore exists under Fed. R. Civ. P. 16(b)(4) to extend the remaining deadlines and to conform them to the discovery period the Court has already set. HIMA does not request this extension for purposes of delay. The parties have agreed to mediate this case and have tentatively aimed for mediation in August 2026. Extending discovery for Plaintiff, SAS Hotels, and HIMA Enterprises through October 30, 2026 — the same deadline the Court has set for discovery between Plaintiff and Travel Lodge (Doc. 86; Dkt. Order 5/20/2026) — will place all parties on a single schedule, permit the remaining depositions to be taken once with all parties participating, and allow the parties to devote early August to mediation rather than to dispositive-motion briefing. The requested extension will prejudice no party: it conforms the case to one discovery track, and no trial date has been set. HIMA proposes the following amended deadlines, which track the Travel Lodge discovery period and the thirty-day dispositive-motion window of LR 56.1:

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Close of discovery (Plaintiff, SAS Hotels, and HIMA Enterprises) | June 30, 2026 | October 30, 2026 |
| Motions for summary judgment | July 30, 2026 | November 30, 2026 |
| Responses to motions for summary judgment | August 21, 2026 | December 21, 2026 |
| Replies in support of motions for summary judgment | September 4, 2026 | January 4, 2027 |

3

WHEREFORE, HIMA Enterprises, Inc. requests that the Court amend the Scheduling Order and grant such other and further relief as the Court deems just and proper.

This 17th day of June, 2026.

Respectfully submitted,


JOHNSON EVANS & HEADRICK, P.C.

/s/ Daniel C. Headrick
Daniel C. Headrick
Georgia Bar No. 663930
2690 Cobb Parkway SE
Suite A5-342
Smyrna, GA 30080
Phone: (865) 444-6352
dheadrick@je.legal
Attorney for Defendant HIMA Enterprises, Inc.

4

**CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing Motion to Amend Scheduling Order has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa. Specifically, the foregoing was prepared using Times New Roman font of 14 point size.

This 17th day of June, 2026.


JOHNSON EVANS & HEADRICK, P.C.

/s/ Daniel C. Headrick
Daniel C. Headrick
Georgia Bar No. 663930
Attorney for Defendant HIMA Enterprises, Inc.

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the

foregoing Motion to Amend Scheduling Order with the Clerk of Court using the

CM/ECF system, which will automatically send email notification of such filing to:


Peter A. Law, E. Michael Moran, Denise D. Hoying, and Jennifer Webster
Patrick J. McDonough and Jonathan S. Tonge
Kathryn S. Whitlock and Thomas D. Whiddon
Peter F. Schoenthaler, Christopher Rosser, and Timothy M. Blenner
Patrick B. Moore, Sarah J. Unatin, and Catherine T. Moussa

This 17th day of June, 2026.


JOHNSON EVANS & HEADRICK, P.C.

/s/ Daniel C. Headrick
Daniel C. Headrick
Georgia Bar No. 663930
2690 Cobb Parkway SE, Suite A5-342
Smyrna, GA 30080
(865) 444-6352
dheadrick@je.legal
Attorney for Defendant HIMA Enterprises, Inc.