IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.B.,

Plaintiff,

v.

TRAVEL LODGE OLD NATIONAL, LLC, LEXICON HOSPITALITY, LLC, and HIMA ENTERPRISES, INC.,

Defendant.

Civil Action No. 1:25-cv-01634-AT

**DEFENDANTS TRAVEL LODGE OLD NATIONAL, LLC; AND LEXICON HOSPITALITY, LLC,'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Travel Lodge Old National, LLC; and Lexicon Hospitality, LLC (collectively "Defendants"), by and through undersigned counsel, and submit their Answer and Affirmative Defenses to Plaintiff's Amended Complaint and state as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to allege facts sufficient to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' alleged damages were caused in whole or in part by the acts or omissions of persons other than Defendants, over whom Defendants had no control, or by the superseding intervention of causes outside Defendants' control.

## THIRD DEFENSE

The intervening acts or omissions of persons, firms or corporations other than Defendants are the proximate cause or causes of Plaintiffs' alleged injuries; thus, Plaintiffs are not entitled to recover against Defendants in any sum or manner whatsoever.

## FOURTH DEFENSE

There is no clear and convincing evidence that Defendants are guilty of willful, conscious and wanton indifference or that Defendants acted with knowing and/or reckless disregard for the rights, safety and welfare of the Plaintiffs or the public, and, accordingly, Plaintiffs are not entitled to recover punitive damages in any sum whatsoever.

## FIFTH DEFENSE

Plaintiff's Amended Complaint, to the extent that it seeks punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution.

**SIXTH DEFENSE**

Plaintiff's Amended Complaint, to the extent that it seeks punitive damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and violates Defendants' right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution.

**SEVENTH DEFENSE**

Plaintiff's Amended Complaint is or may be barred by the applicable statute of limitations and/or statute of repose.

**EIGHTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Plaintiff's claims may be barred by the doctrine of assumption of the risk.

**NINTH DEFENSE**

Plaintiff's Amended Complaint may be barred partially or in its entirety due to principles of comparative and/or contributory negligence and/or apportionment of fault due to the negligence or actions of other parties, non-parties and Plaintiff herself. This defense may be withdrawn if discovery proves otherwise and is included so as not to waive any defenses.

## TENTH DEFENSE

Defendants hereby give notice that they intend to rely upon other affirmative defenses as they become available or apparent during the course of discovery, and thus reserve the right to amend this Answer to assert any such defenses.

## ELEVENTH DEFENSE

Plaintiff has failed to join an indispensable party.

## TWELFTH DEFENSE

Plaintiff has failed to plead facts sufficient to support their claim for attorneys' fees and costs.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Trafficking Victims Protection Reauthorization Act violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for-vagueness doctrine on its face and as applied.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants are not responsible for the actions of its employees that were taken outside the course and scope of employment.

## FIFTEENTH DEFENSE

To the extent Plaintiff alleges that she was assaulted or victimized by a third-

party, the actions of the third-party were intentionally and specifically directed to Plaintiff. As such, no action by the Defendants could have precluded or prevented the actions of these third parties.

**SIXTEENTH DEFENSE**

At all times material hereto, Defendants were not on notice or aware of any dangerous or unsafe condition pertaining to the incident in question and that any alleged dangerous condition was not discoverable through a reasonable inspection; accordingly, the Defendants cannot be held liable, as a matter of law, for failing to take corrective action or warn of the dangerous or unsafe condition alleged to have caused Plaintiff's damages.

**SEVENTEENTH DEFENSE**

To the extent apportionment is permitted, any damages awarded to Plaintiff must be apportioned among parties, settling parties, and/or non-parties according to the percentages of fault for each party, settling party, and/or non-party.

**NINETEENTH DEFENSE**

Defendants respond to the numbered paragraphs in Plaintiff's Amended Complaint as follows:

1.

Defendants admit that Plaintiff is identified by her initials and that Plaintiff

has disclosed her full name to them. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

**PARTIES, JURISDICTION, AND VENUE**

2.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

3.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

4.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

5.

Defendants admit the allegations contained within Paragraph 5 of Plaintiff's Amended Complaint.

6.

Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.

Defendants admit the allegations contained within Paragraph 7 of Plaintiff's Amended Complaint.

8.

Defendants admit the allegations contained within Paragraph 8 of Plaintiff's Amended Complaint.

9.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

10.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

11.

Defendants admit the allegations contained within Paragraph 11 of Plaintiff's

Amended Complaint.

12.

Defendants deny the allegations contained within Paragraph 12 of Plaintiff's Amended Complaint.

## **SEX TRAFFICKING ALLEGATIONS**

13.

Paragraph 13 of Plaintiff's Amended Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit the statutory definitions of 18 U.S.C. § 1591(a). Defendants deny the allegations contained within Paragraph 13 of Plaintiff's Amended Complaint.

14.

Defendants deny the allegations contained within Paragraph 14 of Plaintiff's Amended Complaint.

15.

Defendants deny the allegations contained within Paragraph 15 of Plaintiff's Amended Complaint. Additionally, to the extent Plaintiffs are quoting from or referring to a third-party study, statement, or publication, Defendants object, as the referenced study, statement, or publication, has not been provided and, on that basis, Plaintiff's averment is denied.

16.

Defendants deny the allegations contained within Paragraph 16 of Plaintiff's Amended Complaint.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 17 of Plaintiff's Amended Complaint, and, therefore, can neither admit nor deny said allegations.

18.

Defendants deny the allegations contained within Paragraph 18 of Plaintiff's Amended Complaint.

19.

Defendants deny the allegations contained within Paragraph 19 of Plaintiff's Amended Complaint.

20.

Defendants deny the allegations contained within Paragraph 20 of Plaintiff's Amended Complaint.

21.

Defendants deny the allegations contained within Paragraph 21 of Plaintiff's Amended Complaint.

22.

Defendants deny the allegations contained within Paragraph 22 of Plaintiff's Amended Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff’s Amended Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff’s Amended Complaint.

37.

Defendants deny the allegations within Paragraph 37 and the subparts (a) through (o) of Plaintiff’s Amended Complaint.

38.

Defendants deny the allegations within Paragraph 38 and the subparts (a) through (g) of Plaintiff’s Amended Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff’s Amended Complaint.

**DEFENDANTS' ROLES**

40.

Defendants admit only that, upon information and belief, TLON was the titled owner of the property located at 2471 Old National Highway, College Park, Georgia, during portions of the time period referenced in Plaintiff's Complaint, and that Lexicon provided management services with respect to the property. Defendants deny that the allegations in this paragraph constitute a complete or accurate description of the respective roles, responsibilities, or relationships of TLON and Lexicon, and further deny that TLON and Lexicon jointly owned, operated, maintained, controlled, and managed the Travelodge at all times relevant to Plaintiff's claims. Defendants deny all remaining allegations contained in Paragraph 40 as stated.

41.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

44.

Defendants admit that Plaintiff seeks to incorporate a global definition as set forth in Paragraph 44 but deny liability under any theory. Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

**COUNT I**
**STATUTORY LIABILITY: SEX TRAFFICKING**
**AT THE TRAVELODGE**
**18 U.S.C. § 1595**

45.

Defendants reallege their responses to Paragraphs 1-44 of Plaintiff's Amended Complaint as if fully incorporated herein.

46.

Defendants deny the allegations contained within Paragraph 46 of Plaintiff's Amended Complaint.

47.

Defendants deny the allegations contained within Paragraph 47 of Plaintiff's

Amended Complaint.

48.

Defendants deny the allegations contained within Paragraph 48 of Plaintiff's Amended Complaint.

49.

Defendants deny the allegations contained within Paragraph 49 of Plaintiff's Amended Complaint.

50.

Defendants deny the allegations contained within Paragraph 50 of Plaintiff's Amended Complaint.

51.

Defendants deny the allegations contained within Paragraph 51 of Plaintiff's Amended Complaint.

52.

Defendants deny the allegations contained within Paragraph 52 of Plaintiff's Amended Complaint.

53.

Defendants deny the allegations contained within Paragraph 53 of Plaintiff's Amended Complaint.

54.

Defendants deny the allegations contained within Paragraph 54 of Plaintiff's Amended Complaint.

55.

Defendants deny the allegations contained within Paragraph 55 of Plaintiff's Amended Complaint.

56.

Defendants deny the allegations contained within Paragraph 56 of Plaintiff's Amended Complaint.

**COUNT II**
**STATUTORY LIABILITY: SEX TRAFFICKING**
**AT THE ECONO LODGE**
**18 U.S.C. § 1595**

57.

Defendants reallege their responses to Paragraphs 1-56 of Plaintiff's Amended Complaint as if fully incorporated herein.

58.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

59.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

60.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

61.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

62.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations..

63.

Defendants are without information or knowledge sufficient to admit or deny

the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

64.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

65.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

66.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

67.

Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny said allegations.

68.

Defendants deny the allegations contained within Paragraph 68 of Plaintiff's Amended Complaint.

**DAMAGES**

69.

Defendants reallege their responses to Paragraphs 1-68 of Plaintiff's Amended Complaint as if fully incorporated herein.

70.

Defendants deny the allegations contained within Paragraph 70 of Plaintiff's Amended Complaint.

71.

Defendants deny the allegations contained within Paragraph 71 of Plaintiff's Amended Complaint.

72.

Defendants deny the allegations contained within Paragraph 72 of Plaintiff's Amended Complaint.

73.

In response to Plaintiff's prayer for relief located immediately after Paragraph 73 of Plaintiff's Amended Complaint, including subparts (a) through (e), Defendants

deny the allegations contained therein and further deny that Plaintiff is entitled to any of the relief sough therein from Defendants.

74.

Defendants deny each and every allegation contained in Plaintiff's Amended Complaint not specifically admitted herein and specifically deny any liability to Plaintiff.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants respectfully pray for the following relief from this Honorable Court:

1. That they have a trial by a jury of twelve;

2. That they have a judgment entered in their favor;

3. That they are awarded costs cast against Plaintiff; and

4. That they have any and all such further relief as this Court deems just and proper.

Dated: September 28th, 2026

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

By: Patrick Moore

Patrick B. Moore
PMoore@wwhgd.com
Lisa K Whitfield
lwhitfield@wwhgd.com
Sarah Unatin
SUnatin@wwhgd.com
*Attorneys for Defendants*

3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone: 404.876.2700
Facsimile: 404.875.9433

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.B.,<br><br>Plaintiff,<br><br>v.<br><br>TRAVEL LODGE OLD NATIONAL, LLC, LEXICON HOSPITALITY, LLC, and HIMA ENTERPRISES, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-01634-AT |

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed and served the foregoing ***Defendants Travel Lodge Old National, LLC; and Lexicon Hospitality, LLC's Answer and Defenses to Plaintiff's Amended Complaint*** in the above-captioned matter via PACER electronic filing, which will serve a copy of said filing upon all counsel of record, addressed as follows:

*Counsel for Plaintiffs*
Patrick J. McDonough
Jonathan S. Tonge
Jennifer M. Webster
Rory A. Weeks
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097

*[Co-]Counsel for Defendants*
Peter F. Schoenthaler
Timothy Blenner
Neill K. Wright
Christopher Rosser
PETER F. SCHOENTHALER, P.C.
6400 Powers Ferry Rd NW, Ste 230
Atlanta, GA 30339
pfs@schoenthalerlaw.com

pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com
rweeks@atclawfirm.com

*Counsel for HIMA Enterprises*
Daniel C. Headrick
JOHNSON EVANS & HEADRICK, P.C.
3101 Cobb Parkway SE
Suite 124
Atlanta, GA 30339
dheadrick@je.legal

Matthew J Evans
JOHNSON EVANS & HEADRICK, P. C.
900 S. Gay Street, Suite 1810
Knoxville, TN 37902
mevans@je.legal

tblenner@schoenthalerlaw.com
nwright@schoenthalerlaw.com

*Counsel for Studio 6*
Robert A. Luskin
Danielle Nicole Glover
CHARTWELL LAW, LLP
3350 Riverwood Pkwy SE
Suite 1250
Atlanta, GA 30339
rluskin@chartwelllaw.com
dglover@chartwelllaw.com

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

By: *Lisa K. Whitfield* ____________
Lisa K Whitfield
lwhitfield@wwhgd.com