**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **D.B.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. 1:25-cv-01634-AT** |
| **TRAVEL LODGE OLD NATIONAL,** | ) | |
| **LLC, LEXICON HOSPITALITY,** | ) | |
| **LLC,** | ) | |
| **and HIMA ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT HIMA ENTERPRISES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant HIMA Enterprises, Inc. ("HIMA") answers Plaintiff D.B.'s ("Plaintiff") Amended Complaint for Damages (Doc. 95) as follows:

1. HIMA admits that Plaintiff has made allegations of sex trafficking but denies any liability for same. HIMA admits that Plaintiff is identified by her initials and that her counsel has disclosed her full name to defense counsel. HIMA consents to Plaintiff proceeding by using her initials. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 not expressly admitted.

**PARTIES, JURISDICTION, AND VENUE**

2. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 relating to Plaintiff's citizenship and residency. HIMA admits that Plaintiff consents to the Court's jurisdiction.

3. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3. HIMA states that it has never owned, managed, operated, or controlled the Travelodge.

4. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 regarding "all times relevant." HIMA admits that from approximately 2004 to February 19, 2013, it owned and managed the Econo Lodge or a facility with a predecessor name, and that on or about February 19, 2013, it sold the Econo Lodge to SAS Hotels, LLC ("SAS"). HIMA did not own, manage, operate, or control the Econo Lodge at any time after February 19, 2013, and it has never owned, managed, operated, or controlled the Travelodge. HIMA denies the remaining allegations of paragraph 4.

5. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. HIMA admits the allegations contained in paragraph 9 except it is denied that service can be made on Kanti B. Patel, as Mr. Patel is deceased.

10. HIMA admits the allegations contained in paragraph 10.

11. HIMA admits the allegations of paragraph 11.

12. HIMA admits that venue is proper in the Atlanta Division of the Northern District of Georgia. HIMA denies that any act or omission on its part gave rise to the claims asserted and denies any remaining allegations of paragraph 12.

## SEX TRAFFICKING ALLEGATIONS

13. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 except it denies that it was a "participant" in any sex trafficking that took place at the Econo Lodge when HIMA was the owner, denies that it had any actual or constructive knowledge of sex trafficking during that time, and denies any allegation or inference of wrongdoing or other liability.

14. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 concerning other Defendants.

15. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 concerning other Defendants.

16. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 concerning other Defendants.

17. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17. Paragraph 17 quotes a dissenting opinion, which speaks for itself. To the extent a response is required, HIMA denies that the quoted passage describes the Econo Lodge during HIMA's ownership.

18. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18. HIMA states that it did not own, manage, operate, or control the Econo Lodge after February 19, 2013, and has never owned, managed, operated, or controlled the Travelodge. HIMA denies that it knew or should have known of any trafficking of Plaintiff at the Econo Lodge.

19. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 concerning other Defendants.

20. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 concerning other Defendants.

21. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 concerning other Defendants.

22. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 concerning other Defendants.

23. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 concerning unidentified "motels," "motel premises," and "motel parking lots." Alternatively, HIMA denies the allegations as they relate to HIMA.

24. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 concerning other Defendants.

25. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 concerning Plaintiff's alleged interactions as alleged in the first clause of paragraph 25 and denies the second clause in its entirety as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 concerning other Defendants.

26. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 concerning other Defendants.

27. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 concerning other Defendants.

28. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 concerning other Defendants.

29. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 concerning other Defendants.

30. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 concerning other Defendants.

31. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 concerning other Defendants.

32. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, all of which concern the Travelodge and other Defendants. HIMA has never owned, managed, operated, or controlled the Travelodge.

33. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, all of which concern the Travelodge and other Defendants. HIMA has never owned, managed, operated, or controlled the Travelodge.

34. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, all of which concern the Travelodge and other Defendants. HIMA has never owned, managed, operated, or controlled the Travelodge.

35. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, all of which concern the Travelodge and other Defendants. HIMA has never owned, managed, operated, or controlled the Travelodge.

36. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, which concern TLON, Lexicon, and the Travelodge. HIMA has never owned, managed, operated, or controlled the Travelodge, and it denies that it had any knowledge of the matters alleged in paragraph 36.

37. HIMA denies that it knew or should have known of the Travelodge reviews described in paragraph 37 and its subparts (a)–(o), and it denies that reviews of a motel it never owned or operated are chargeable to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and its subparts concerning the existence and content of the reviews and concerning other Defendants.

38. HIMA denies the allegations of paragraph 38 and its subparts (a)–(g) as to HIMA. HIMA specifically denies that it knew or should have known of the reviews described in paragraph 38, and states that every review other than the one described in subpart (a) postdates HIMA's February 19, 2013 sale of the Econo Lodge. HIMA lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 38 and its subparts concerning the existence and content of the reviews and concerning other Defendants.

39. As to HIMA, denied. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 concerning other Defendants.

**DEFENDANTS' ROLES**

40. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 based on the undefined "[a]t all times relevant hereto." HIMA admits that from approximately 2004 to February 19, 2013, it owned and managed the Econo Lodge or a facility with a predecessor name, and that on or about February 19, 2013, it sold the Econo Lodge to SAS Hotels, LLC ("SAS"). HIMA did not own, manage, operate, or control the Econo Lodge at any time after February 19, 2013, and it has never owned, managed, operated, or controlled the Travelodge. HIMA denies the remaining allegations of paragraph 41.

42. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43. HIMA denies the allegations contained in paragraph 43.

44. HIMA admits that Plaintiff seeks to incorporate a global definition as set forth in paragraph 44 but denies that HIMA is liable under any theory.

**COUNT I**
**STATUTORY LIABILITY: SEX TRAFFICKING**
**AT THE TRAVELODGE**
**18 U.S.C. § 1595**

45. HIMA incorporates its responses to paragraphs 1 through 44 as if fully restated. To the extent paragraph 45 contains any allegations against HIMA, those allegations are denied.

46. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and its subparts concerning TLON and Lexicon.

47. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 concerning TLON and Lexicon.

48. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 concerning TLON and Lexicon.

49. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 concerning TLON and Lexicon.

50. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 concerning TLON and Lexicon.

51. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 concerning TLON and Lexicon.

52. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 concerning TLON and Lexicon.

53. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 concerning TLON and Lexicon.

54. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 concerning TLON and Lexicon.

55. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 concerning TLON and Lexicon.

56. HIMA denies the allegations contained in paragraph 56.

**COUNT II**
**STATUTORY LIABILITY: SEX TRAFFICKING**
**AT THE ECONO LODGE**
**18 U.S.C. § 1595**

57. HIMA incorporates its responses to paragraphs 1 through 56 as if fully restated. To the extent paragraph 57 contains any allegations against HIMA, those allegations are denied.

58. HIMA denies the allegations contained in paragraph 58 and its subparts (a)–(p). Paragraph 58 alleges that HIMA should have prevented “the Travelodge” from being used as a venue for Plaintiff’s trafficking; HIMA has

never owned, managed, operated, or controlled the Travelodge. To the extent paragraph 58 alleges a venture between HIMA and any other Defendant or SAS, that allegation is denied.

59. HIMA denies the allegations contained in paragraph 59.

60. HIMA denies the allegations contained in paragraph 60.

61. HIMA denies the allegations of paragraph 61. To the extent paragraph 61 alleges a venture between HIMA and any other Defendant or SAS, that allegation is denied.

62. HIMA denies the allegations of paragraph 62.

63. HIMA denies the allegations contained in paragraph 63. To the extent paragraph 63 alleges a venture between HIMA and any other Defendant or SAS, that allegation is denied.

64. HIMA denies the allegations contained in paragraph 64. To the extent paragraph 64 alleges a venture between HIMA and any other Defendant or SAS, that allegation is denied.

65. HIMA denies the allegations contained in paragraph 65.

66. HIMA denies the allegations contained in paragraph 66.

67. HIMA denies the allegations contained in paragraph 67.

68. HIMA denies the allegations contained in paragraph 68.

**DAMAGES**

69. HIMA incorporates its responses to paragraphs 1 through 68 as if fully restated. To the extent paragraph 69 contains any allegations against HIMA, those allegations are denied.

70. HIMA denies the allegations contained in paragraph 70 and its subparts (a)–(i) as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 concerning other Defendants.

71. HIMA denies the allegations contained in paragraph 71.

72. HIMA denies the allegations contained in paragraph 72 as to HIMA. HIMA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 concerning other Defendants.

By way of response to the prayer for relief following paragraph 72, HIMA denies that Plaintiff is entitled to any of the requested relief against HIMA.

All allegations of the Amended Complaint not expressly admitted above are denied.

**DEFENSES**

**FIRST DEFENSE**

HIMA pleads and relies on the statute of limitations provided in 18 U.S.C. § 1595(c), pending the discovery process, which provides that "[n]o action may be maintained under subsection (a) unless it is commenced not later than the later of—(1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." 18 U.S.C. § 1595(c).

**SECOND DEFENSE**

The Amended Complaint fails to state a claim against HIMA upon which relief can be granted. It does not plausibly allege facts sufficient to infer that HIMA knew or should have known of alleged sex trafficking at the Econo Lodge during its period of ownership, or that HIMA participated in a sex trafficking venture.

**THIRD DEFENSE**

To the extent Plaintiff was trafficked for sex as alleged in the Amended Complaint, the sole proximate cause of any damages claimed by Plaintiff was the conduct of the sex traffickers.

**FOURTH DEFENSE**

HIMA denies that it was engaged in any "venture" such that participant liability under 18 U.S.C. § 1595 can be imposed. HIMA further denies that it was ever engaged in any "venture" under 18 U.S.C. § 1595 with SAS, TLON, Lexicon, or any other person or entity. HIMA sold the Econo Lodge to SAS on or about

February 19, 2013, and had no involvement in the ownership or management of the Econo Lodge after that date. HIMA has never owned, managed, operated, or controlled the Travelodge.

**FIFTH DEFENSE**

HIMA is not jointly and severally liable for the acts or omissions of any other Defendant or of SAS, because those acts or omissions occurred on properties not owned or managed by HIMA, or at the Econo Lodge after HIMA sold it.

**SIXTH DEFENSE**

Plaintiff's claim for punitive damages "without limitation or cap" would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and established precedent of the United States Supreme Court. Plaintiff has also failed to state a claim for punitive damages against HIMA.

**SEVENTH DEFENSE**

HIMA is entitled to a setoff or credit for any amount paid to Plaintiff by SAS, or by any other person or entity, in settlement of or on account of the injuries alleged in the Amended Complaint.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant HIMA Enterprises, Inc. prays for the following relief:

1. That Plaintiff's claims against HIMA be denied and the Amended Complaint be dismissed with prejudice;

2. That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3. That the case be tried before a jury of twelve (12) persons; and

4. For such other and further relief as this Court deems just and proper.

This 28th day of September, 2026.

Respectfully submitted,

By: /s/Daniel C. Headrick
Daniel C. Headrick, Georgia Bar No. 663930
**JOHNSON EVANS & HEADRICK, P.C.**
3101 Cobb Parkway SE
Suite 124
Atlanta, GA 30339
Tel: (865) 444-6352
dheadrick@je.legal
Attorneys for Defendant HIMA Enterprises, Inc.

**CERTIFICATE OF COMPLIANCE**

I certify that this document has been prepared in Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1(C), NDGA.

/s/Daniel C. Headrick
Daniel C. Headrick

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, I electronically filed the foregoing Defendant HIMA Enterprises, Inc.'s Answer and Defenses to Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to all counsel of record, including:

Peter A. Law
E. Michael Moran
Denise D. Hoying
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308
pete@lawmoran.com
mike@lawmoran.com
denise@lawmoran.com
Attorneys for Plaintiff

Patrick J. McDonough
Jonathan S. Tonge
Jennifer M. Webster
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com
Attorneys for Plaintiff

Patrick B. Moore
Sarah J. Unatin
Catherine Moussa

Lisa K. Whitfield
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
pmoore@wwhgd.com
sunatin@wwhgd.com
cmoussa@wwhgd.com
lwhitfield@wwhgd.com
Attorneys for Defendants Travel Lodge Old National, LLC and Lexicon Hospitality, LLC

Peter F. Schoenthaler
Timothy Blenner
Christopher Rosser
PETER F. SCHOENTHALER, P.C.
6400 Powers Ferry Road NW, Suite 230
Atlanta, Georgia 30339
pfs@schoenthalerlaw.com
tblenner@schoenthalerlaw.com
crosser@schoenthalerlaw.com
Co-Counsel for Defendant Travel Lodge Old National, LLC

/s/Daniel C. Headrick
Daniel C. Headrick
Georgia Bar No. 663930